[No. H034454. Sixth Dist. Aug. 31, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
SEGUIN MARTI PACHECO, Defendant and Appellant.

**COUNSEL**

Danalynn Pritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DUFFY, J.**—Defendant Seguin Marti Pacheco was convicted by plea of one count of welfare fraud in violation of Welfare and Institutions Code section 10980, subdivision (c)(2). The court suspended the imposition of sentence and placed Pacheco on formal probation for a period of three years subject to various conditions. The court also imposed various fines and fees. On appeal, Pacheco challenges the order directing him to pay $100 in attorney fees under Penal Code section 987.8,[1] and the court's imposition of a $259.50 criminal justice administration fee under either Government Code section 29550, subdivision (c) or Government Code section 29550.2, and a $64 per month

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

probation fee under Penal Code section 1203.1b, subdivision (a). His challenge to all three fines or fees is based on the court having failed to determine his ability to pay them. Pacheco also challenges a $30 fee appearing in the minute order that the court did not orally pronounce and he finally contends that the $20 court security fee should not have been imposed as a probation condition. Finding merit in Pacheco's claims, we reverse in part and affirm in part, modifying the judgment and remanding to the trial court with directions.

## STATEMENT OF THE CASE

The record does not contain the factual basis of the crime. But the felony complaint alleged that Pacheco and Linda Martinez committed "fraud in obtaining Calworks and food stamps" in violation of Welfare and Institutions Code section 10980, subdivision (c)(2) (count one), and that they committed the crime of "false application for aid, in violation of . . . section 118."[2] (Capitalization omitted.) The probation report states that the original "cash aid overpayment was $12,631.00 and the food stamp over issuance was $5,547.00" but that some "of the losses [were] recovered leaving balances of $10,105.00 and $4,995.00, respectively."

Pacheco entered a no contest plea to count one, and count three was dismissed at sentencing. The court suspended imposition of sentence and placed Pacheco on formal probation for a period of three years, subject to various conditions, including that he perform 300 hours of community service, that he "seek and maintain gainful employment and maintain academic and/or vocational training as directed by his probation officer," and that he pay victim restitution in the amount of $15,100, for which he was jointly and severally liable with Martinez. As conditions of probation, the court imposed various fines and fees, among them a $20 court security fee; a "$259.50 booking fee in favor of the county"; and a $64 per month probation fee.[3] The court also ordered Pacheco to pay attorney fees in the amount of $100, likewise as a condition of probation. Before imposing any fines and fees, the court referred Pacheco "to the Department of Revenue for a determination of his ability to pay certain fines and fees," but none of those imposed were made conditional on this determination or anything else.[4]

---

[2] Count two of the complaint also pleaded a separate violation of section 118 but charged this count only against Martinez.

[3] The court listed all of these matters after suspending sentence and placing Pacheco on probation "under the following terms and conditions." After reciting these terms, the court asked Pacheco if he accepted probation "under those terms and conditions," to which he answered affirmatively.

[4] The court orally made this referral but it does not appear in the clerk's minutes.

This timely appeal, which is based solely on the sentence or other matters occurring after the plea, followed.[5]

DISCUSSION

### I. *Pacheco's Sufficiency of the Evidence Claims Are Not Forfeited*

Pacheco's claims on appeal include that the court erroneously imposed the $259.50 criminal justice administration fee under Government Code section 29550, subdivision (c) or 29550.2, the $64 per month probation fee under Penal Code section 1203.1b, and the $100 attorney fee order under Penal Code section 987.8 without determining his ability to pay these fees, and that there is insufficient evidence to support any such determination. All three statutes authorize the fines or fees expressly subject to a defendant's ability to pay them. Respondent contends that because Pacheco did not object below to the imposition of the fines or fees in the absence of an ability to pay determination, he has forfeited these claims.

But as Pacheco asserts, these claims are based on the insufficiency of the evidence to support the order or judgment. We have already held that such claims do not require assertion in the court below to be preserved on appeal. (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1217 [36 Cal.Rptr.3d 693] (*Viray*) [challenge to order to reimburse attorney fees based on insufficiency of evidence may be first asserted on appeal]; see also *People v. Lopez* (2005) 129 Cal.App.4th 1508, 1536–1537 [29 Cal.Rptr.3d 586] [challenge to conditional order to pay attorney fees "if appropriate" with no referral for ability to pay determination may be raised for first time on appeal].) Respondent offers nothing to convince us otherwise. We accordingly conclude that Pacheco's claims are not forfeited or waived on appeal and we will proceed to the merits.

### II. *There Is No Evidence of Pacheco's Ability to Pay Attorney Fees*

The court ordered Pacheco to pay attorney fees in the amount of $100. It did not cite the statutory basis of the order but we assume it was section 987.8. This section provides in relevant part that in "any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal

---

[5] As such, the order is appealable without a certificate of probable cause under section 1237.5 and California Rules of Court, rule 8.304(b)(4)(B) as a matter not affecting the validity of the plea.

proceedings in the trial court . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. . . . The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided." (§ 987.8, subd. (b).) Further, "[i]f the court determines that the defendant has the present ability to pay all or a part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county . . . ." (§ 987.8, subd. (e).)

Under section 987.8, subdivision (g)(2), " '[a]bility to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following: [¶] (A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernible future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernible financial position. . . . [¶] (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing. [¶] (D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant."

██ The court's finding of the defendant's present ability to pay need not be express, but may be implied through the content and conduct of the hearings. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 71 [30 Cal.Rptr.2d 321].) But any finding of ability to pay must be supported by substantial evidence. (*People v. Nilsen* (1988) 199 Cal.App.3d 344, 347 [244 Cal.Rptr. 814]; *People v. Kozden* (1974) 36 Cal.App.3d 918, 920 [111 Cal.Rptr. 826].)

We read section 987.8, subdivision (b) as expressly requiring a finding—whether express or implied—by the court of a defendant's ability to pay as a condition to an order assessing attorney fees—an order that is not mandatory. Here, there is nothing in the record addressing the issue of Pacheco's ability to pay, other than the court's referral to the Santa Clara County Department of Revenue, which sheds no light on the issue. And as we have noted, the order to pay attorney fees was not conditioned on or subject to whatever determination the department of revenue might have made. Moreover, although section 987.8, subdivision (b) provides that a county officer designated by the court may make an inquiry into a defendant's ability to pay attorney fees, it is the *court* that ultimately must make the ability to pay determination. Thus, this referral alone does not meet the statutory directive.

And although it is true, as respondent points out, that Pacheco was ordered as a condition of probation to seek and maintain gainful employment, this condition alone reveals nothing about his financial position, his earning ability, or his expenses—all of which would bear on any determination by the court of his ability to pay.

■  Accordingly, there is no evidence in the record of Pacheco's assets, employment status or other means of income from which the court could have made a determination of his ability to pay attorney fees as provided by section 987.8. There is thus no required finding of Pacheco's ability to pay attorney fees, either express or implied, and, for this reason, the attorney fee order cannot stand. Moreover, an order directing payment of attorney fees may not be made a condition of probation, another reason why the order, as given, was erroneous. (*People v. Hart* (1998) 65 Cal.App.4th 902, 907 [76 Cal.Rptr.2d 837].)

### III.  *There Is No Evidence of Pacheco's Ability to Pay the Booking Fee*

■  The court imposed a $259.50 criminal justice administration or booking fee payable to the County of Santa Clara. The court did not orally identify the specific statutory basis of the fee but the identification of the county as payee suggests the basis was either Government Code section 29550, subdivision (c) if the arresting agency was the county, or Government Code section 29550.2 if the arresting agency was one not specified in Government Code section 29550 or 29550.1.[6] These sections concern the criminal justice administration fee collected by the particular county in which a defendant was booked, and both make the fee payable to the county, as was done here.

Government Code section 29550, subdivision (c) provides that if the county was the arresting agency, the fee "shall not exceed the actual administrative costs" of booking. Section 29550, subdivision (d)(1) further provides that a "judgment of conviction may impose an order for payment" of the fee and "execution may be issued on the order in the same manner as a judgment in a civil action." Subdivision (d)(2) further provides that "[t]he

---

[6] Government Code sections 29550, 29550.1, and 29550.2 govern fees for booking or otherwise processing arrested persons into a county jail. To some degree, they vary based on the identity of the arresting agency. Arrests made by a "city, special district, school district, community college district, college, university or other local arresting agency" are governed by Government Code sections 29550, subdivision (a)(1) and 29550.1. Arrests made by a county are governed by Government Code section 29550, subdivision (c) and those made by "any governmental entity not specified in Section 29550 or 29550.1" are governed by Government Code section 29550.2, subdivision (a). The record does not reveal which agency arrested Pacheco, but the fee was made payable to the county.

court shall, as a condition of probation, order the convicted person, based on his or her ability to pay," to reimburse the county for the fee.

In relevant part, Government Code section 29550.2 provides for the imposition of a fee to cover the "actual administrative costs" for booking. "If the [defendant] has the ability to pay, a judgment of conviction shall . . . be issued on the order in the same manner as a judgment in a civil action . . . . The court shall, as a condition of probation, order the convicted person to reimburse the county . . ." for the fee. (Gov. Code, § 29550.2, subd. (a).)

Thus, as with an order to pay attorney fees under section 987.8, a prerequisite to the imposition of a booking fee, whether under Government Code section 29550, subdivision (c) or Government Code section 29550.2, is a finding, whether express or implied, of the defendant's ability to pay. Such a finding must be supported by substantial evidence. Further, a booking fee must not exceed the actual administrative costs of booking, as further defined in the relevant statutes. There is no evidence in this record of either Pacheco's ability to pay a booking fee, particularly as a condition of probation, or of the actual administrative costs of his booking. Accordingly, the $259.50 criminal justice administration or booking fee cannot stand.

IV. *There Is No Evidence of Pacheco's Ability to Pay the Monthly Probation Supervision Fee*

The trial court imposed a monthly probation supervision fee of $64, which is governed by section 1203.1b.[7] This section provides in relevant part that "[i]n any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision . . . . The reasonable cost of these services and of probation supervision . . . shall not exceed the amount determined to be the actual average cost thereof. . . . The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his

---

[7] The probation report had recommended imposition of a monthly probation supervision fee "not to exceed $64.00" and further, appropriately, that this fee *not* be a condition of probation.

or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." (§ 1203.1b, subd. (a).)

■  Section 1203.1b, subdivision (b) goes on to provide that when "the defendant fails to waive the right provided in subdivision (a) to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative." The section makes further provision for the conduct of the hearing and defines " 'ability to pay' " as the "overall capacity of the defendant to reimburse the costs" (§ 1203.1b, subd. (e)), including, but not limited to the defendant's: "(1) Present financial position. [¶] (2) Reasonably discernible future financial position. In no event shall the court consider a period of more than one year from the date of the hearing for purposes of determining reasonably discernible financial position. [¶] (3) Likelihood that the defendant shall be able to obtain employment within the one-year period from the date of the hearing. [¶] (4) Any other factor or factors that may bear upon the defendant's financial capability to reimburse the county for the costs." (§ 1203.1b, subd. (e)(1)–(4).)

■  There is no evidence in the record that anyone, whether the probation officer or the court, made a determination of Pacheco's ability to pay the $64 per month probation supervision fee. Nor is there any evidence that probation advised him of his right to have the court make this determination or that he waived this right. In short, it appears that the statutory procedure provided at section 1203.1b for a determination of Pacheco's ability to pay probation related costs was not followed. Moreover, these costs, which are collectible as civil judgments, cannot be made a condition of probation. (§ 1203.1b, subd. (d); *People v. Washington* (2002) 100 Cal.App.4th 590, 592 [122 Cal.Rptr.2d 740]; *People v. Hart, supra,* 65 Cal.App.4th at p. 907.) For all these reasons, the $64 monthly probation supervision fee cannot stand.

## V. The Court Did Not Impose the $30 Fine Appearing in the Clerk's Minutes

At sentencing, the court said that it was not imposing a "criminal justice assessment of $30." Yet, an unidentified fee of $30 appears in the clerk's minutes. Pacheco challenges this fee and respondent concedes that the fee as appearing in the minutes is erroneous. We will therefore strike it and direct the clerk to modify the order on remand.

## VI. The Court Security Fee May Not Be Made a Condition of Probation

■ The court imposed a $20 court security fee, which is governed by section 1465.8, and, like all the other fines and fees imposed, made its payment a condition of probation.[8] Section 1465.8 was enacted by the Legislature as part of an emergency budgetary measure for the nonpunitive purpose of funding court security. (*People v. Alford* (2007) 42 Cal.4th 749, 756, 758 [68 Cal.Rptr.3d 310, 171 P.3d 32].)

Respondent contests that this fee was not actually made a condition of probation but as we read the record, the court expressly imposed all fines and fees, including this one, as probation conditions. And Pacheco's claim is not forfeited by his failure to have raised it below because imposition of this fee as a probation condition was unauthorized as it could not lawfully have been imposed under any circumstances and it is clear and correctable on review regardless of any factual interpretation of the record presented at sentencing. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *In re Sheena K.* (2007) 40 Cal.4th 875, 887 [55 Cal.Rptr.3d 716, 153 P.3d 282]; *People v. Anderson* (2010) 50 Cal.4th 19, 26 [112 Cal.Rptr.3d 685, 235 P.3d 11].)

The imposition of the court security fee as a condition of probation was unauthorized because like probation costs, this fee is collateral to Pacheco's crimes and punishment and as such, its payment may not be made a condition of probation. (*People v. Hall* (2002) 103 Cal.App.4th 889, 892 [126 Cal.Rptr.2d 916] [probation costs are collateral and thus their payment may not be made a condition of probation]; *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321–322 [124 Cal.Rptr.2d 43] [same]; *People v. Hart, supra,* 65 Cal.App.4th at p. 907 [same regarding attorney fees and costs].) Certain fines such as those relating to restitution, for example, may by statute be imposed as conditions of probation, but the court security fee is not one of

---

[8] Former section 1465.8, subdivision (a)(1), which applies here, provided for the $20 fee. The section was amended effective July 28, 2009, through January 1, 2010, in part to increase the fee to $30. (Stats. 2009, 4th Ex. Sess. 2009–2010, ch. 22, § 29.)

them. (See, e.g., §§ 1202.4, subd. (m), 1203.1, subd. (a)(1) & (2).) One reason for the distinction between fines that may be imposed as probation conditions and those that may not is that probation "should be oriented towards rehabilitation of the defendant and not toward the financing of the machinery of criminal justice." (*People v. Baker* (1974) 39 Cal.App.3d 550, 559 [113 Cal.Rptr. 248], superseded by statute on other grounds as stated in *People v. Washington, supra,* 100 Cal.App.4th at pp. 593–596.) An equally compelling reason for the distinction is that a defendant may be imprisoned for violating a probation condition, but not for violating an order to pay costs and fees. (*People v. Amor* (1974) 12 Cal.3d 20, 25 [114 Cal.Rptr. 765, 523 P.2d 1173].) The nonpunitive purpose of the court security fee squarely places it among those fines and fees that are collateral to the crime and the consequent punishment for its commission.

An order directing payment of collateral costs like the court security fee is thus not enforceable as a probation condition but instead only as a separate money judgment in a civil action, and the order should thus be imposed as a separate order entered at judgment. (*Brown v. Superior Court, supra,* 101 Cal.App.4th at p. 322; *People v. Hart, supra,* 65 Cal.App.4th at p. 907; *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1068 [132 Cal.Rptr.2d 665].) Because the order directing payment of the court security fee as a condition of probation was erroneous, we will modify the judgment to delete it as a probation condition and clarify that it is instead a separate order. (*People v. Flores* (2008) 169 Cal.App.4th 568, 578 [86 Cal.Rptr.3d 804].)

## VII. *Conclusion*

We have concluded that, contrary to statute, the court failed to determine Pacheco's ability to pay the $100 in attorney fees, the $259.50 criminal justice administration fee, and the $64 per month probation supervision fee. Particularly in light of the ongoing monthly probation supervision fee, rather than strike the erroneous fines or fees out of considerations of judicial economy, we will instead reverse the judgment in part and remand with directions for the superior court to follow the law and impose these fees, consistently with the applicable statutes, only on the required determination of Pacheco's ability to pay them. We have also concluded that the order to pay attorney fees and the imposition of the monthly probation supervision fee are improper conditions of probation. If the court elects on remand to impose these fees after determining Pacheco's ability to pay them, its order will not impose the fees as probation conditions but instead as separate orders. We will also modify the judgment to reflect that the $20 court security fee is deleted as a condition of probation and is instead a separate order. We will further modify the judgment to delete the unidentified $30 fee that the court did not impose.

## DISPOSITION

The judgment is reversed as to the $100 attorney fee order, the $259.50 criminal justice administration fee, and the $64 per month probation supervision fee. The matter is remanded with directions to the trial court to determine, in accordance with the applicable statutes, Pacheco's ability to pay any such fines or fees before imposing them. If any order directing payment of attorney fees or imposing probation supervision fees is entered on remand, the order will make clear that these items are not conditions of probation. The judgment is further modified to delete the $20 court security fee imposed as a condition of probation and to clarify that this fee is a separate order, and to delete the $30 fee that the trial court did not impose. The clerk of the superior court is further directed to correct the minutes to delete this fee. The judgment is accordingly reversed in part and affirmed in part, as so modified.

Rushing, P. J., and Premo, J., concurred.

On September 21, 2010, the opinion was modified to read as printed above.