Filed 2/28/13  P. v. Pace CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062249 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD237677) |
| CLIFFORD PACE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Affirmed.

A jury convicted Clifford Pace of second degree burglary and attempted grand theft of personal property.  At sentencing, the court ordered him to pay various fines and fees, including a $154 criminal justice administration fee (also called a booking fee) under Government Code section 29550.1.  (All subsequent statutory references are to the Government Code.)  Pace did not object to the imposition of the booking fee on any grounds.  He now appeals, contending

imposition of the booking fee denied him equal protection because section 29550.1, unlike sections 29550 and 29550.2, does not require a finding of ability to pay. He requests the booking fee be stricken. We decline to do so and affirm the judgment.

DISCUSSION

The Attorney General argues Pace forfeited his claim by failing to raise it at sentencing. There is a split of authority on the issue of whether the forfeiture doctrine applies in the context of challenges to the imposition of booking fees. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397 (*Pacheco*) [holding forfeiture doctrine inapplicable]; *People v. Hodges* (1999) 71 Cal.App.4th 1348, 1357 [holding forfeiture doctrine applicable].) This issue is currently before the California Supreme Court. (*People v. McCullough* (2011) 193 Cal.App.4th 864, review granted June 29, 2011, S192513.) Even if Pace did not forfeit his challenge, we reject his contentions.

Sections 29550, 29550.1, and 29550.2 permit arresting agencies to recover booking fees from a person convicted of a criminal offense related to that person's arrest. (§§ 29550, subd. (c), 29550.1, 29550.2, subd. (a).) Section 29550.1 does not require the court to find the convicted person has the ability to pay the booking fee when the court imposes the fee. (§ 29550.1.) Sections 29550 and 29550.2, alternatively, require that the court find an ability to pay. (§§ 29550, subd. (d)(2), 29550.2, subd. (a).)

2

Pace contends the imposition of the booking fee denied him equal protection because section 29550.1 does not require that the court find an ability to pay. This issue is also before the California Supreme Court. (*People v. Mason* (2012) 206 Cal.App.4th 1026, review granted August 29, 2012, S203747.) Assuming, without deciding, equal protection principles apply, several remedies exist to address an equal protection violation, including invalidating the statute, withdrawing the benefit from the favored class, or extending the benefit to the excluded class. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1207.) In order to accomplish the latter two options, a court must "'rewrite'" the statute held to be unconstitutional. A court may revise a statute if, with confidence, it can rewrite the statute "in a manner that closely effectuates policy judgments clearly articulated" by the Legislature, and the Legislature would prefer the revision over invalidation. (*Kopp v. Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 660–661.)

Under section 29550.1, the Legislature intended for a person convicted of a crime to bear the financial burden of the booking fee. (Assem. Bill No. 211 (1997–1998 Reg. Sess.) § 1.) If we invalidate the statute, local agencies would bear the burden of the booking fee, not the convicted person. Accordingly, we choose to not invalidate section 29550.1 and strike the fee.

We next examine whether the Legislature would prefer to extend the ability-to-pay benefit in sections 29550 and 29550.2 to section 29550.1, or whether it would prefer to withdraw the ability-to-pay benefit from sections 29550 and 29550.2. We note that in 1993, the Legislature changed section 29550's

3

language requiring a court to impose the fee on a convicted person from permissive to mandatory. It also added the requirement that a court find an ability to pay. (Assem. Bill No. 2286 (1993–1994 Reg. Sess.) § 1.) If we were to withdraw the ability-to-pay requirement from sections 29550 and 29550.2, we would not effectuate the Legislature's policy of ensuring an ability to pay when imposing a mandatory fee. Therefore, we conclude the Legislature would prefer the extension of the ability-to-pay benefit in sections 29550 and 29550.2 to section 29550.1. This rewrite ensures the convicted person bears the financial burden for the booking fee except when the convicted person does not have the ability to pay.

Thus, we extend the ability-to-pay benefit to section 29550.1 and examine the record to determine whether it contains substantial evidence to support a finding that Pace has the ability to pay. (*Pacheco*, *supra*, 187 Cal.App.4th at p. 1400 [a finding of an ability to pay may be implied and must be supported by substantial evidence].) Pace's probation report reflected his income, education and employment history. Although currently unemployed, Pace admitted that he occasionally worked as a barber, and when he did work, he earned between $500 and $1000 a week. Pace also admitted he has no debts, and that if he had to raise $50,000, he could do it. Additionally, Pace will presumably have prison wages; he did not make a contrary claim. (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1486–1487.) Thus, the record contains substantial evidence to support an implied finding of Pace's ability to pay the booking fee.

DISPOSITION

The judgment is affirmed.


McINTYRE, J.

I CONCUR:

O'ROURKE, J.


I CONCUR IN THE RESULT:

HUFFMAN, Acting P. J.