Filed 4/18/13  P. v. Aung CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062442 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN281803) |
| HTOO AUNG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed.

A jury convicted Htoo Aung of assault with a deadly weapon or force likely to produce great bodily harm.  The trial court found two alleged prior convictions to be true. It sentenced Aung to an 11-year prison term, and ordered him to pay fines, including a criminal justice administrative fee (booking fee) in the amount of $154 under Government Code section 29550.1.  (Undesignated statutory references are to the Government Code.)  Aung did not object to the imposition of the booking fee on any

grounds. He appeals, contending imposition of the booking fee denied him equal protection because section 29550.1, unlike sections 29550 and 29550.2, does not require a finding of ability to pay. He requests the booking fee be stricken. We decline to do so and affirm the judgment.

DISCUSSION

Sections 29550, 29550.1, and 29550.2 govern booking fees for processing arrested persons into county jail. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1399 (*Pacheco*).) Persons, such as Aung, that are arrested by a local agency are liable for one-half the amount of the booking fee without any determination of his or her ability to pay the fee. (§ 29550, subd. (a)(1).) Persons arrested by other than a local or county agency are liable for the full booking fee, subject to their ability to pay. (§ 29550.2.) Finally, county arrestees may be liable for the full booking fee if incarcerated; however, booking fee liability for county arrestees placed on probation is conditioned on their ability to pay. (§ 29550, subd. (d).)

Aung contends that his equal protection rights were violated because he was required to pay the full booking cost and no rational basis exists to distinguish why an ability to pay finding is required for some agencies but not others. He acknowledges that he failed to raise this issue below. The issue whether forfeiture applies when a defendant did not object to the imposition of a booking fee in the trial court is pending before our high court. (*People v. Mason*, review granted Aug. 29, 2012, S203747; *People v. McCullough*, review granted June 29, 2011, S192513.) The issue whether the imposition

2

of the section 29550.1 booking fee denies a defendant equal protection because section 29550.1 does not require that the court find an ability to pay is also before the California Supreme Court. (*People v. Mason*, *supra*, S203747.) Assuming, without deciding, that Aung did not forfeit his challenge and that equal protection principles apply, we reject his contentions.

" '[A] court may reform — i.e., "rewrite" — a statute in order to preserve it against invalidation under the Constitution, when we can say with confidence that (i) it is possible to reform the statute in a manner that closely effectuates policy judgments clearly articulated by the enacting body, and (ii) the enacting body would have preferred the reformed construction to invalidation of the statute.' " (*Ceridian Corp. v. Franchise Tax Bd.* (2000) 85 Cal.App.4th 875, 889.) The power of judicial reformation can be exercised in cases concerning underinclusive or otherwise unconstitutional classifications under the equal protection clause. (*Kopp v. Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 629.)

Here, we can say with confidence that revising section 29550.1 to include an ability to pay provision, rather than withdrawing the ability to pay benefit from sections 29550 and 29550.2, would be consistent with the legislative policy judgment underlying the booking fee statutes. In 1993, the Legislature changed the language of section 29550 requiring a court to impose the fee on a convicted person from permissive to mandatory. (Assem. Bill No. 2286 (1993-1994 Reg. Sess.) § 1.) It also added the requirement that a court find an ability to pay. (*Ibid.*) Similarly, under section 29550.1, the Legislature

3

intended that a person convicted of a crime bear the financial burden of the booking fee. (Assem. Bill No. 211 (1997-1998 Reg. Sess.) § 1.)

Hence, we reject Aung's request to invalidate section 29550.1 and strike the fee because doing so would require that local agencies bear the burden of the booking fee, not the convicted person. Instead, we conclude the Legislature would prefer to extend the ability to pay benefit in sections 29550 and 29550.2 to section 29550.1. This rewrite ensures that the convicted person bears the financial burden for the booking fee except when the convicted person does not have the ability to pay.

Accordingly, we extend the ability to pay benefit to section 29550.1 and examine the record to determine whether it contains substantial evidence to support a finding that Aung has the ability to pay. (*Pacheco*, *supra*, 187 Cal.App.4th at p. 1400 [a finding of an ability to pay may be implied and must be supported by substantial evidence].) Aung's probation report reveals that he was unemployed at time of the offense and had no income, liabilities or savings. Although Aung was diagnosed with bi-polar disorder in 2002, the condition did not prevent him from completing two years of community college. He also previously worked in several different positions, including a security guard and manufacturing and assembly in the automotive industry.

Penal Code section 2700 provides, in part that "[t]he Department of Corrections shall require of every able-bodied prisoner imprisoned in any state prison as many hours of faithful labor in each day and every day during his or her term of imprisonment as shall be prescribed by the rules and regulations of the Director of Corrections." This section requires that prisoners who perform assigned work be compensated. (*Ibid.*)

4

Because the record suggests that Aung has the ability to obtain prison employment we must assume that he will have the ability to pay the minimal booking fee.  (See *People v. Frye* (1994) 21 Cal.App.4th 1483, 1486–1487.)

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

NARES, Acting P. J.

O'ROURKE, J.