Filed 6/27/13  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070168 |
| v. | (Super. Ct. No. CM033173) |
| LILY LETICIA GARCIA, | |
| Defendant and Appellant. | |

Defendant Lily Leticia Garcia pled no contest to possession of a controlled substance (count 6; Health & Saf. Code, § 11351), possession of marijuana for sale (count 8; Health & Saf. Code, § 11359), and misdemeanor child endangerment (count 11; Pen. Code, § 273a, subd. (b))[1] in return for dismissal of all remaining counts with *Harvey* waivers.[2]

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.  The dismissed charges included three counts of sale/transportation/offer to sell a controlled substance (Oxycontin) (counts 1, 3, & 5; Health & Saf. Code, § 11352, subd. (a)), two counts of sale or transportation of marijuana (counts 2 & 4; Health & Saf. Code, § 11360, subd. (a)), one count of

After obtaining a probation report, which recommended among other things that defendant pay the cost of a presentence investigation report in the amount of $736 (§ 1203.1b), the trial court denied probation and sentenced defendant to serve four years eight months in county jail (§ 1170, subd. (h) -- the upper term of four years on count 6 plus eight months consecutive on count 8, with a six-month concurrent term on count 11). The court imposed various fines and fees, including the recommended fee for the presentence investigation report.

On appeal, defendant contends only that the fee for the presentence investigation report must be stricken because the trial court did not find she had the ability to pay it. We conclude the contention is forfeited because defendant did not object to the fee. Therefore, we affirm.

FACTS

The parties stipulated, and the trial court agreed, to use the probation report as the factual basis for defendant's plea. On October 28, 2010, Butte (County) Interagency Narcotics Task Force agents, who had previously purchased marijuana and Oxycontin from defendant at her residence, executed a search warrant there. They found approximately 25 pounds of marijuana, evidence of marijuana cultivation, marijuana packaged for sale, digital scales, indicia of prescription narcotics sales, 2,000 prescription pills, a police scanner, and $158,839 in United States currency. Defendant's two children, aged four and five, had access to the marijuana and narcotics inside the residence, the greater part of which was in the master bedroom.

As mentioned, the probation report recommended that defendant pay the $736 cost of the presentence investigation report pursuant to section 1203.1b. The report opined

---

cultivating marijuana (count 7; Health & Saf. Code, § 11358), and two counts of felony child abuse (counts 9 & 10; § 273a, subd. (a)).

that defendant could pay all fines, fees, and restitution ordered by the court because she appeared to be able-bodied with marketable job skills.

At sentencing, at the end of the trial court's recital of the imposed fines and fees, it stated: "There is an order for the cost of the presentence investigation report of $736. [¶] The fines and fees are ordered subject to the ability to pay. However, the defendant needs to request a hearing on that issue. [¶] The Court is mindful of the term imposed and the age of the defendant. [¶] Based on the probation report, the Court is finding the ability to pay the statutorily imposed minimum fines and fees."

The trial court then asked defense counsel if he was requesting a finding of no ability to pay on public defender fees. He stated that he was, and was also objecting to anything over the statutory minimum of $200 for a restitution fine. The court reduced the proposed restitution fine (§ 1202.4, subd. (b)) from the recommended $1,600 to $200. Defense counsel did not object to or request a hearing on the presentence investigation report amount.

## DISCUSSION

Section 1203.1b authorizes the trial court to impose a fee for presentence investigation costs incurred by the probation officer, contingent on a determination by the court that the defendant has the ability to pay those costs. If the defendant does not waive that determination, he or she is entitled to a hearing on his or her ability to pay. (§ 1203.1b, subds. (a), (b); *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1400-1401.) But if the defendant fails to object in the trial court to statutory error in the imposition of this fee, the claim is forfeited on appeal. (*People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072 (*Valtakis*).)

Here, the trial court plainly stated that a hearing on defendant's ability to pay the fee could be held if defendant requested it. Defendant did not request such a hearing, though her counsel successfully objected to the recommendations that defendant pay public defender fees and a restitution fine of $1,600. Under *Valtakis, supra*,

3

105 Cal.App.4th at page 1072 (a decision defendant fails to cite), defendant's claim of error is forfeited.

## DISPOSITION

The judgment is affirmed.

           HOCH         , J.

We concur:

        BLEASE       , Acting P. J.

          BUTZ       , J.