Filed 1/21/14  P. v. Zamora CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS ZAMORA,<br><br>    Defendant and Appellant. | H039247<br>(Santa Clara County<br>Super. Ct. No. C1232770) |

### STATEMENT OF THE CASE

Defendant Carlos Zamora pleaded no contest to vehicle theft (Veh. Code, § 10851, subd. (a)), and he admitted that he committed the crime for the benefit of, at the direction of, and in association with a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(A)). The trial court suspended imposition of sentence and placed defendant on formal probation for three years. The grant of probation was conditioned on defendant's service of a six-month term in county jail, which the court deemed served. The court ordered defendant to pay various fines and fees, including a $225 presentence investigation fee and a probation supervision fee of $35 per month.

Defendant now appeals from the judgment of conviction. On appeal, he contends that the trial court erred in imposing the presentence investigation fee and the probation supervision fee without determining his ability to pay those fees, and he therefore

requests that we remand the matter to the trial court for a hearing regarding his ability to pay them. The People assert that defendant forfeited his claim by failing to object.

We conclude that defendant's claim is not forfeited, and that the trial court erred in imposing the fees without determining defendant's ability to pay them.[1] We therefore will reverse the order requiring defendant to pay the presentence investigation fee and the probation supervision fee, remand the matter for a hearing regarding defendant's ability to pay such fees, and affirm the judgment in all other respects

## DISCUSSION[2]

### *Background*

The probation report, which was dated October 12, 2012, recommended that a "Presentence Investigation Fee not to exceed $450.00 be imposed pursuant to Section 1203.1b of the Penal Code." It also recommended that a "Probation Supervision Fee not to exceed $110.00 per month be imposed pursuant to Section 1203.1b of the Penal Code." The probation report stated that "defendant was provided with a Statement of Assets form and was instructed to return it to Court at sentencing." The probation report did not describe defendant's assets, nor did it discuss defendant's ability to pay any fees.

On January 4, 2013, the trial court learned that defendant had been charged with murder. Defendant was in custody due to the pending murder charge.

At the sentencing hearing on January 11, 2013, the court imposed a $225 presentence investigation fee. It did not state any reasons for selecting the amount of

---

[1] Defendant alternatively argues that, if his claim is deemed forfeited, his trial counsel rendered ineffective assistance in failing to object to the presentence investigation fee and the probation supervision fee. Because we conclude that defendant's claim is not forfeited, we will not address his argument regarding ineffective assistance of counsel.

[2] The facts underlying defendant's conviction are not relevant to the issues presented on appeal. We therefore will not summarize the facts.

2

$225.  The court also imposed a probation supervision fee of $35 per month.  It explained that it selected that amount because defendant would be in custody on the pending murder charge "for the foreseeable future" and therefore would not require "much in the way of supervision."

After the court imposed the fees, defendant stated, "I have a question:  How am I gonna pay all that money if I'm in custody?"  The court responded, "The truth is you won't be able to do that.  On the other hand, it's not a violation of probation if you don't pay because you don't have the ability to pay."  The court further stated, "So this amount will accumulate, but it's not going to be a violation of probation . . . because you don't have the ability."  It finally explained, "In order to violate your probation, the Court has to find that you willfully violated it, and if you're in custody without the ability to pay, or course, a Court cannot find you in violation of your probation."

### Defendant's Claim is Not Forfeited

Preliminarily, we must address the People's argument regarding forfeiture.  The People contend that defendant's claim is forfeited because he failed to adequately object to the presentence investigation fee and the probation supervision fee in the trial court.

"An objection is sufficient if it fairly apprises the trial court of the issue it is being called upon to decide.  [Citations.]  In a criminal case, the objection will be deemed preserved if, despite inadequate phrasing, the record shows that the court understood the issue presented."  (*People v. Scott* (1978) 21 Cal.3d 284, 290; see also *People v. Clark* (2011) 52 Cal.4th 856, 966.)

We believe that defendant adequately objected to the presentence investigation fee and the probation supervision fee.  After the trial court imposed the fees, defendant asked the court, "How am I gonna pay all that money if I'm in custody?"  Defendant's question is reasonably viewed as an assertion that he was unable to pay the fees. The record shows that the court ascribed that meaning to defendant's question.  In response to

3

defendant's question, the court stated, "The truth is you won't be able to do that." The court's response demonstrates that the court recognized defendant's asserted inability to pay the fees. The court's subsequent comments, which assured defendant that he would not be found in violation of his probation due to inability to pay the fees, further show that the court understood defendant's question as an assertion of inability to pay. Thus, on this record we must conclude that defendant adequately objected to the presentence investigation fee and the probation supervision fee on the ground of ability to pay. Defendant's claim therefore is not forfeited, and we now consider the merits of his claim.

***The Trial Court Erred in Imposing the Fees Without Determining Defendant's Ability to Pay Them***

Penal Code section 1203.1b authorizes the trial court to order a defendant "to pay all or a portion of the reasonable cost" of "any probation supervision" and "any presentence investigation." (Pen. Code, § 1203.1b, subds. (a), (b).)[3] Before ordering a defendant to pay such costs, however, the court must follow the procedures articulated in section 1203.1b.

Section 1203.1b mandates the following procedures: "The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to

_____

[3] Subsequent unspecified statutory references are to the Penal Code.

4

pay and the payment amount by a knowing and intelligent waiver." (§ 1203.1b, subd. (a).) Section 1203.1b further mandates: "When the defendant fails to waive the right . . . to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative." (§ 1203.1b, subd. (b).)

Section 1203.1b defines "ability to pay" as follows: "The term 'ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of conducting the presentence investigation . . . and probation supervision . . . and shall include, but shall not be limited to, the defendant's: [¶] (1) Present financial position. [¶] (2) Reasonably discernible future financial position. In no event shall the court consider a period of more than one year from the date of the hearing for purposes of determining reasonably discernible future financial position. [¶] (3) Likelihood that the defendant shall be able to obtain employment within the one-year period from the date of the hearing. [¶] (4) Any other factor or factors that may bear upon the defendant's financial capability to reimburse the county for the costs." (§ 1203.1b, subd. (e)(1)-(4).)

Here, defendant never waived his right to a hearing regarding his ability to pay the presentence investigation fee and the probation supervision fee. Section 1203.1b therefore required the trial court to determine defendant's ability to pay such fees. Nothing in the record, however, demonstrates that the trial court determined defendant's ability to pay the presentence investigation fee and the probation supervision fee. Rather, the record strongly suggests that the court was unaware of its duty to determine defendant's ability to pay the fees.

5

The court commented that defendant would be unable to pay the presentence investigation fee and the probation supervision fee while he was in custody on the pending murder charge, yet the court proceeded to impose the fees. In contrast, the court declined to impose a booking fee, reasoning in part that defendant "does not presently have the ability to pay that fee and there's a means test for that fee." The foregoing comments, considered together, imply that the court believed the presentence investigation fee and the probation supervision fee were mandatory and not subject to a determination of ability to pay. Thus, because it appears that the court was unaware of its duty to determine defendant's ability to pay the presentence investigation fee and the probation supervision fee, we are compelled to conclude that the court did not make such a determination. Indeed, nothing in the record demonstrates that the court considered all the factors listed in section 1203.1b and actually determined defendant's ability to pay. The court did not determine the likely period of time that defendant would be in custody and thus inhibited from paying, and the court never commented on defendant's assets or any other factors bearing on defendant's capability to pay the fees. Likewise, the probation report failed to describe defendant's assets or his ability to pay fees. Although the probation report directed defendant to bring a statement of his assets to the sentencing hearing, nothing in the record shows that defendant in fact brought such a document to the sentencing hearing, and nothing in the record shows that the court reviewed such a document. Accordingly, based on all the aforementioned circumstances, we conclude that the trial court failed to determine defendant's ability to pay the presentence investigation fee and the probation supervision fee. We therefore must reverse the order imposing those fees and remand the matter to the trial court for a determination of defendant's ability to pay the fees. (See *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1404, overruled on another point in *People v. McCullough* (2013) 56 Cal.4th 589, 599 [reversing an order imposing a section 1203.1b fee and remanding to the trial court

for a hearing regarding ability to pay where the trial court imposed the section 1203.1b fee without determining the defendant's ability to pay].)

<strong>DISPOSITION</strong>

The order imposing a $225 presentence investigation fee and a $35 per month probation supervision fee is reversed. The matter is remanded with directions to the trial court to determine, in accordance with section 1203.1b, defendant's ability to pay a presentence investigation fee and a probation supervision fee before imposing such fees. The judgment is affirmed in all other respects.


_____
                           RUSHING, P.J.


WE CONCUR:


_____
          PREMO, J.


_____
          MÁRQUEZ, J.