Filed 7/30/15  P. v. Jensen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEITH HUGH JENSEN,<br><br>Defendant and Appellant. | C072001<br><br>(Super. Ct. No. 02F09287) |

Defendant Keith Hugh Jensen appeals from a conviction for spousal rape, false imprisonment, misdemeanor spousal battery, and making criminal threats.  On appeal, defendant challenges the trial court's imposition of a booking fee in the amount of $160 and a main jail classification fee in the amount of $36.  We conclude defendant has forfeited his challenge to the booking fee and main jail classification fee.  However, we direct the trial court to correct the abstract of judgment to reduce the booking fee from $166 to $160 to conform to the trial court's oral pronouncement of judgment.

Defendant also asks us to order correction of the abstract of judgment to accurately reflect that his upper term sentence of three years for making criminal threats

1

(Pen. Code, § 422)[1] was the base term, and not one-third of the upper term, as the abstract of judgment currently reflects. We direct correction of the abstract of judgment as requested and affirm the judgment.

BACKGROUND[2]

Defendant called his estranged wife, T., in the early morning hours of May 4, 2002. He demanded a ride to his father's house. During the drive, defendant threatened to kill those close to T. and bring her "world to an end."

When they arrived at their destination, defendant pulled T. from the car into a bedroom in the house, closing and locking the door behind them. In the bedroom, defendant hit T., raped her, and threatened to "take [her] world down even though it mean[t] spending the rest of [his] life on death row." T. eventually managed to get out of the house and flee with the help of a friend who called 911.

On May 16, 2003, defendant was charged by amended information as follows: (1) spousal rape with force (§ 262, subd. (a)(1)--count one); (2) false imprisonment (§ 236--count two); (3) misdemeanor spousal battery (§ 243, subd. (e)(1)--count three); and (4) making criminal threats (§ 422--count four). The amended information also alleged defendant had served four prior prison terms. (§ 667.5, subd. (b).)

Defendant represented himself at trial and was found guilty as charged. The jury also found the four prior prison term allegations to be true.

Following almost 10 years of litigation, including an appeal to this court (*People v. Jensen, supra,* C046679) and a habeas corpus petition to the United States

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts of the case and much of its lengthy procedural history are irrelevant to the issues raised in this appeal. Accordingly, we state them in an abbreviated fashion, relying on our unpublished opinion in *People v. Jensen* (Feb. 28, 2006, C046679) [nonpub. opn.].

2

District Court for the Eastern District of California (*Jensen v. Hernandez* (E.D.Cal. 2012) 864 F.Supp.2d 869 (*Jensen*), defendant was sentenced to serve 11 years in state prison as follows: (1) the upper term of three years for count four; (2) sentence stayed for counts two and three (§ 654); and (3) the upper term of eight years, consecutive, for count one (§ 667.6, subd. (c)).[3] The trial court awarded defendant appropriate custody credits and ordered a $3,000 restitution fine (§ 1202.4, subd. (b)), a suspended $3,000 parole revocation fine (§ 1203.45), a $160 booking fee (Gov. Code, § 29550.2), and a $36 main jail classification fee (Gov. Code, § 29550.2). Defendant asked a question about the restitution fine, but did not object to the booking fee or the main jail classification fee. The abstract of judgment reflects a $166 booking fee, rather than a $160 fee.

Defendant filed a timely notice of appeal.

---

[3] The federal court conditionally granted defendant's petition for writ of habeas corpus, holding the trial court violated defendant's right to counsel by failing to give a renewed advisement under *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*) when the information was amended to add the prior prison term allegations. (*Jensen, supra,* 864 F.Supp.2d at p. 902.) Accordingly, the federal court ordered: "[T]he writ is conditionally granted and petitioner's judgment of conviction shall be vacated only if respondent fails to either dismiss the enhancement allegations which were added by amendment after the *Faretta* advisement and resentence petitioner, or initiate proceedings to retry petitioner within ninety (90) days." (*Jensen,* at p. 948.)

On August 15, 2012, defendant appeared in pro. per. in the trial court. The trial court gave defendant the *Faretta* advisements, and defendant again chose to represent himself. The People then moved to dismiss the four prior prison term allegations, and the trial court granted the motion.

DISCUSSION

# I

## *Booking Fee and Main Jail Classification Fee*

Defendant contends the trial court erred by imposing booking and main jail classification fees pursuant to Government Code section 29550.2 without making a finding of his ability to pay. Defendant also argues there was insufficient evidence to support any such determination. The People, relying on our Supreme Court's opinion in *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), argue defendant has forfeited this issue on appeal because he failed to object in the trial court.[4] We agree the issue has been forfeited.

*McCullough, supra,* 56 Cal.4th 589 involved a similar challenge to the imposition of a booking fee without a finding of the defendant's ability to pay. There, the court addressed whether a defendant may challenge for the first time on appeal a booking fee imposed pursuant to Government Code section 29550.2, subdivision (a). Like defendant, McCullough argued he could raise the issue of insufficiency of the evidence of his ability to pay despite his failure to object in the trial court. The court rejected this argument, emphasizing that "a defendant who does nothing to put at issue the propriety of imposition of a booking fee forfeits the right to challenge the sufficiency of the evidence to support imposition of the booking fee on appeal, in the same way that a defendant who goes to trial forfeits his [or her] challenge to the propriety of venue by not timely challenging it." (*McCullough, supra,* 56 Cal.4th at p. 598.) The court noted that "the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong. [Citation.]" (*Id.* at p. 599.) The court

---

[4] Defendant filed his opening brief in this matter two weeks before the Supreme Court issued its dispositive opinion in *McCullough*.

4

further noted that determining a defendant's ability to pay was "much less complex" than determining his or her sentence. (*Ibid*.) Disapproving *People v. Pacheco* (2010) 187 Cal.App.4th 1392, on which defendant relies, the Supreme Court stated, "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee under Government Code section 29550.2. [Citation.]" (*McCullough, supra,* 56 Cal.4th at p. 599.)

The reasoning of *McCullough* applies equally to the sufficiency of the evidence to support an implied finding of defendant's ability to pay. "[B]ecause a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*McCullough, supra,* 56 Cal.4th at p. 597.) Thus, defendant has forfeited his challenge to the trial court's imposition of booking and classification fees by failing to object below. We note, however, the abstract of judgment reflects the imposition of a booking fee in the amount of $166, instead of the $160 booking fee that was orally imposed at sentencing. Although neither party raises the issue, we direct the trial court to prepare a corrected abstract of judgment reducing the booking fee to $160.

## II

### *Corrected Abstract of Judgment*

Next, in a supplemental brief, defendant argues the abstract of judgment incorrectly states his sentence for count four (§ 422) is three years, one-third of the upper term, "when in fact [the] court made this term the base term." The People concede the error.

5

We have reviewed the record and agree with the parties.  Accordingly, we direct the trial court to correct the abstract of judgment indicating that count four is the base term and not one-third of the upper term.

DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment reflecting the corrections stated above and to forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


                                          HOCH        , J.



We concur:



        ROBIE      , Acting P. J.



        DUARTE    , J.



6