Filed 2/14/24  P. v. Ulmer CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KALUB ULMER,<br><br>        Defendant and Appellant. | A167640<br><br>(Humboldt County<br>Super. Ct. No. CR2202629) |

Kalub Ulmer appeals from the judgment entered against him after a negotiated plea, challenging only the trial court's imposition of a restitution fine that exceeds the $300 statutory minimum.  (Pen. Code, § 1202.4, subd. (b)(1).[1])  Because there is no substantial evidence to support the trial court's decision to impose a restitution fine in the amount of $1,600, we will reverse and remand for the trial court to impose the statutory minimum fine.

**FACTUAL AND PROCEDURAL BACKGROUND**

We draw our summary of the underlying facts from the probation report.  In July 2022, Ulmer was walking down the street carrying a crowbar and a skateboard when he was approached by a police officer who recognized him based on previous contacts, and who was aware of a law enforcement

---

[1] All statutory references are to the Penal Code unless otherwise stated.

bulletin advising that Ulmer was a parolee possibly in possession of a firearm. When the officer attempted to detain Ulmer, a struggle ensued in which Ulmer broke free. The officer regained control of Ulmer and handcuffed him and, with the help of a second officer, brought Ulmer to a patrol vehicle. On the way to the car, Ulmer head-butted the first officer and began to pull away. After a brief struggle, the officers gained control of Ulmer. A search of Ulmer incident to the arrest recovered "a live 9mm round and a live .44 round on his person and in his backpack," a 4.5 inch fixed-blade knife in his right back pants pocket, and three methamphetamine pipes.

Ulmer was charged in a felony complaint with two felony counts (unlawful possession of ammunition [§ 30305, subd. (a)(1)] and carrying a dirk or dagger [§ 21310]) and two misdemeanor counts (resisting or obstructing a public officer [§ 148, subd. (a)(1)] and possession of a smoking device [Health & Saf. Code, § 11364, subd. (a)]). The complaint also alleged two prior strike convictions and several aggravating factors.

Ulmer was remanded into custody in November 2022. At a hearing in February 2023, Ulmer pleaded guilty to all four counts and admitted the two strikes as part of a plea agreement under which he would be sentenced to 16 months in state prison. The court accepted the plea, and then granted Ulmer's *Romero* motion to strike the two prior strikes.[2]

At the sentencing hearing in March 2023, the court sentenced Ulmer to the low term of 16 months for each of the felony counts, to be served concurrently, with the one-year misdemeanor terms to also run concurrently. Ulmer received a total of 269 days of custody credit. The court imposed a restitution fine under section 1202.4, subdivision (b), in the amount of $1,600,

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

2

as had been recommended by the probation department without any analysis in its written report. The fine was imposed over Ulmer's objection. His counsel had asked that the restitution fine be reduced, stating, "Mr. Ulmer was homeless upon entering custody. He is going to be doing a prison term, and then he will be getting out and trying to raise his family."[3] At the conclusion of the hearing, Ulmer's counsel raised the issue again, stating, "we are just objecting for the record on the restitution fine given his financial status." The trial court responded, "Understood."

This appeal timely followed the judgment.

## DISCUSSION

### A.    *Applicable Law and Standard of Review*

California law provides that "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).) "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense." (*Id.*, subd. (b)(1).) The minimum fine that may be imposed on a person convicted of a felony is $300; the maximum is $10,000. (*Ibid.*)

A court imposing a restitution fine greater than the minimum "shall consider any relevant factors, including but not limited to, the defendant's ability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the

---

[3] As the court was aware, Ulmer's partner had given birth to her and Ulmer's child about 10 days before the sentencing hearing.

crime. . . . Consideration of a defendant's inability to pay may include the defendant's future earning capacity." (§ 1202.4, subd. (d).) The defendant bears the burden of demonstrating inability to pay. (*Ibid.*) There is no requirement that the court make express findings as to the factors bearing on the amount of the fine. (*Ibid.*)

We review the imposition of a restitution fine in excess of the minimum for abuse of discretion. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.) Under this standard, we review the trial court's findings of fact, express or implied, for substantial evidence, its conclusions of law de novo, and we reverse its application of the law to the facts "only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.)

B.    *Analysis*

In exercising its discretion to impose a restitution fine in excess of the statutory minimum, the trial court was required to consider the factors listed in section 1202.4. (§ 1202.4, subd. (d).) In view of the evidence presented to the trial court in this case concerning Ulmer's inability to pay, the imposition of a $1,600 fine was an abuse of discretion.

In objecting to the amount of the restitution fine, Ulmer's counsel informed the court that Ulmer was homeless when he entered custody and that he would be trying to raise a family when he was released from prison. The record shows that when Ulmer was remanded into custody in November 2022, he reported that he was homeless and unemployed. According to the probation report, prepared in March 2023, Ulmer reported that he had been doing odd jobs " 'under the table' . . . 'whenever the opportunity presented itself,' " and had been receiving about $280 per month in CalFresh benefits. Ulmer's last job, which he held between January and March 2021, was as a cook at a restaurant. Between his prior prison terms, he had worked as a

4

cook, a warehouser, and a day laborer. According to Ulmer's financial data form, submitted to the court with the probation report, Ulmer claimed no assets and reported no debts, and because he had been incarcerated since November 2022, he claimed no regular monthly expenses.

In sum, the record does not contain substantial evidence to support the trial court's implied finding that Ulmer had the ability to pay the restitution fine imposed by the trial court. (See *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398 ["finding of ability to pay must be supported by substantial evidence"].)

Nor does the record contain substantial evidence to support imposing the $1,600 fine as the result of applying the other statutory factors, including because of "the seriousness and gravity of the offense and the circumstances of its commission." (§ 1202.4, subd. (d).) The Attorney General's sole argument is that the "restitution fine was justified by the seriousness of appellant's crimes" and that the trial court judge must have implicitly found that Ulmer's "violent conduct [that is, head-butting the detaining officer and resisting the officers until he was subdued] along with willful actions that endangered the public [that is, carrying live ammunition as a convicted felon and carrying a knife], was serious enough to warrant a fine that exceeded the minimum amount for restitution fines." This argument is undercut by the fact that Ulmer's actions toward the officers were charged as a misdemeanor and by the trial court's remark at sentencing that it was "looking through the fact pattern, seeing that these are largely status crimes due to your past criminality. Meaning that the ordinary citizen likely wouldn't be facing any charges on this."

Further, there is no evidence that Ulmer derived "any economic gain . . . as a result of the crime," or that "any other person suffered losses as a result of the crime," and there were no victims involved. (§ 1202.4, subd. (d).)

In the absence of substantial evidence to support a finding by the trial court that any of the factors listed in section 1202.4 support imposing a restitution fine that exceeds the minimum amount by $1,300, we conclude that the trial court abused its discretion in imposing a $1,600 restitution fine. (See *People v. Cluff* (2001) 87 Cal.App.4th 991, 998 [trial court abuses its discretion when factual findings underlying its decision are not supported by substantial evidence]).

## DISPOSITION

The restitution fine is reversed and the matter is remanded for the sentencing court to impose the minimum restitution fine of $300 under section 1202.4, subdivision (b)(1). In all other respects the judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Stewart, P. J.


_____
Richman, J.


A167640, *People v. Ulmer*