Filed 9/27/13  P. v. Frasure CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ADRIAN DASHUN FRASURE,<br><br>        Defendant and Appellant. | C072029<br><br>(Super. Ct. No. CM035348) |

After defendant Adrian Dashun Frasure pled guilty to inflicting corporal injury upon a spouse or cohabitant (Pen. Code,[1] § 273.5, subd. (a)), the trial court awarded $5,000 in victim restitution (§ 1202.4, subd. (f)).  Defendant did not object.

Defendant contends the victim restitution award was an abuse of discretion and unauthorized by statute because it was based in part on noncompensable "emotional damages."  We conclude defendant's contention is forfeited.  We shall affirm.

---

[1]      Undesignated section references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged by information with felony corporal injury to a spouse or cohabitant (count 1; § 273.5, subd. (a)), misdemeanor false imprisonment (count 2; § 236), and misdemeanor interference with a wireless communication device (count 3; § 591.5). As to count 1, it was alleged that defendant had four prior strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and five prior prison terms (§ 667.5, subd. (b)).

Defendant pled guilty to count 1 and admitted one prior strike and five prior prison terms, in exchange for a stipulated sentence of nine years in state prison. The preliminary hearing provided the factual basis for defendant's plea.

The evidence at the preliminary hearing showed that the victim, Andrea J., told law enforcement on the evening of October 11, 2001, that defendant, her husband, had returned to their residence after his release from prison, but she did not want him there. They argued verbally. During the argument the telephone rang. She went into the bathroom to take the call, which was from one of her male friends. Defendant became upset and asked who was calling. He forced his way into the bathroom and tried to take the phone from Andrea J. After he got the phone away from her, she tried to leave the apartment, but defendant blocked her exit. He threw her down on the floor and tried to strangle her. She punched him with her keys, then got hold of the house phone and called a friend, asking her to call the police. Defendant grabbed the phone from her and broke it, then took a knife and cut off his ankle monitor. The officer who responded to her apartment observed redness on her neck consistent with strangulation, a cut on her lip, and a cut above her eye.

The trial court sentenced defendant to the agreed nine-year state prison term, consisting of four years on count 1 (the low term, doubled for the strike) and five years for the five prior prison terms. The court also ordered defendant to pay Andrea J. $5,000 in victim restitution.

2

## DISCUSSION

### Background

At the sentencing hearing, Andrea J. made a statement to the trial court. As to victim restitution, she said:

"This left me bruises on my face, neck, arm and chest. My throat hurt for several weeks. Because of this incident, my life, as well as my 13 year old son [*sic*], has changed forever. . . .

"[E]very time I close my eyes, I relive the nightmare. I am scared. I do not trust anyone anymore, and I have panic attacks on a daily basis now. I spent time at Behavioral Health, and spent six weeks at an extensive outpatient basis [*sic*]. I still have therapy once a week, as well as my son.

"I have used all of my family medical leave, and there still are days when I cannot make it to work, let alone get out of my bed. I know I am close to getting fired at work because my entire personality has changed. . . .

"I am in financial ruins because he left me to pay all of the bills, which I was fully capable of doing when I was healthy. . . .  [¶] . . . [¶]

"I do want restitution for what he has done. *I request $5,000 for medical bills, lost wages, and emotional damage. . . .*"  (Italics added.)

The trial court asked how often Andrea J. went to counseling. She said: "[O]nce or twice a week."

Defense counsel asked the trial court to impose only the minimum restitution fine (§ 1202.4, subd. (b)), claiming defendant could not pay a higher amount, "so that restitution to Ms. J[.] can be addressed first and foremost."

After imposing a $400 restitution fine (§ 1202.4, subd. (b)), and a suspended restitution fine in the same amount (§ 1202.45), the trial court stated:  "*In terms of the description of the injury to the victim, the counseling and medical bills that have been*

*incurred, court would be inclined to order a $5,000 restitution payment.* I will hear from counsel." (Italics added.) Defense counsel submitted the matter.

The trial court ordered: "$5,000 to Ms. J[.], restitution. I reserve jurisdiction to modify the amount upon appropriate showing." The record does not show that defendant sought any such modification.

**Analysis**

"[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . in an amount established by court order, based on the amount of loss claimed by the victim . . . or any other showing to the court." (§ 1202.4, subd. (f).)

Compensable losses under section 1202.4, subdivision (f), include the value of stolen or damaged property, medical expenses, mental health counseling expenses, and lost wages or profits, inter alia. (§ 1202.4, subd. (f)(3)(A)-(E).) "Noneconomic losses, including, but not limited to, psychological harm," are recoverable only where the defendant has committed a felony violation of section 288. (§ 1202.4, subd. (f)(3)(F).)

"A defendant is entitled to a restitution hearing to 'dispute the determination of the amount of restitution.' (§ 1202.4, subd. (f)(1).) As recently explained, 'At a victim restitution hearing, a prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss. [Citations.] "Once the . . . People have . . . made a prima facie showing of [the victim's] loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." ' (*People v. Millard* (2009) 175 Cal.App.4th 7, 26 (*Millard*); see also [*People v.*] *Giordano* [(2007)] 42 Cal.4th [644,] 664 . . . .)" (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172 (*Chappelone*).)

"We review the trial court's restitution order for abuse of discretion. [Citations.]" (*Chappelone, supra*, 183 Cal.App.4th at p. 1173.) Where there is a factual and rational

4

basis for the order under the substantial evidence standard, an abuse of discretion will not be found. (*Millard, supra*, 175 Cal.App.4th at p. 26.)

Here, defendant did not request a restitution hearing. The victim's statement constituted a prima facie case that her economic damages, including medical expenses to treat her undisputed injuries and six weeks' worth of counseling expenses, totaled $5,000. Absent contrary evidence, the trial court could properly exercise its discretion to award the victim that sum in restitution. By enumerating only the victim's compensable damages, the court impliedly rejected her claim for noncompensable "emotional damages." Thus, contrary to defendant's argument on appeal, the court's award was not based to any extent on such damages.

Admittedly, an unsworn statement without supporting documentation, and making no attempt to break down the components of the claimed total amount, was not the strongest possible evidence of the victim's damages. But it was sufficient to shift the burden to defendant to rebut her claim. (§ 1202.4, subd. (f); *Chappelone, supra*, 183 Cal.App.4th at p. 1172.) Instead, defendant submitted the matter without asking for documentation or a restitution hearing. Thus, he conceded the validity of the claimed victim restitution and forfeited any challenge to it on appeal. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218; see *People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).)

Defendant asserts that he may challenge the victim restitution award for the first time on appeal because it was unauthorized (see *Scott, supra*, 9 Cal.4th at p. 354) and because the issue presents a pure question of law (see *People v. Mitchell* (2012) 209 Cal.App.4th 1364, 1370). Defendant is wrong on both points.

An unauthorized sentence is one which could not lawfully have been imposed under any circumstances in the case at hand. (*Scott, supra*, 9 Cal.4th at p. 354.) Defendant has not shown that a restitution award of $5,000 for the victim's properly compensable damages could not lawfully have been made under any circumstances. Nor, as we have explained, has he shown that the trial court based any part of its award on

5

noncompensable damages: the fact that the court awarded the total amount the victim requested does not show this, because the court carefully omitted her alleged emotional damages when it stated the basis for its award. Thus, defendant's claim that the award was unauthorized fails.

So does his claim that the issue is a pure question of law. The amount of victim restitution to which Andrea J. was entitled, and the specific damages on which that amount could be calculated, are quintessential questions of fact. If defendant questioned those points, it was incumbent on him to say so at the time of sentencing.

Defendant also asserts that the issue presents a question of the sufficiency of the evidence to support the restitution award, and insufficient-evidence claims can never be forfeited by the failure to raise them in the trial court. He relies principally on *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397 (*Pacheco*), which so held as to a defendant's ability to pay attorney fees. But after defendant filed his opening brief, our Supreme Court disapproved *Pacheco* on this point and held that the general forfeiture rule of *Scott, supra*, 9 Cal.4th 331 and *People v. Welch* (1993) 5 Cal.4th 228 applies to such claims. (*People v. McCullough* (2013) 56 Cal.4th 589, 591, 594, 599 (*McCullough*).) The high court further found that *People v. Viray* (2005) 134 Cal.App.4th 1186 and *People v. Lopez* (2005) 129 Cal.App.4th 1508, also cited by defendant, did not hold that challenges to a defendant's ability to pay fees may be raised first on appeal. (*McCullough, supra*, 56 Cal.4th 589, 599-600, fn. 2.)

Here, defendant does not claim, as in *Pacheco* that he cannot pay the awarded amount. But we see no basis to distinguish his insufficient-evidence claim in principle from those addressed in *McCullough* with respect to the forfeiture rule. The question whether an award of victim restitution is properly supported, like most sentencing issues, is a fact-based question as to which the defendant must raise an objection to the trial court's order at the time of sentencing. If he does not, it is forfeited. (See *Scott, supra*, 9 Cal.4th at p. 354.)

6

## DISPOSITION

The judgment is affirmed.


      BLEASE      , Acting P. J.


We concur:


    ROBIE      , J.


    MAURO     , J.