Filed 9/27/13  P. v. Allison CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038605 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1121959) |
| v. | |
| DENNIS MALCOLM ALLISON, | |
| Defendant and Appellant. | |

Defendant Dennis Malcolm Allison pleaded no contest to failure to register as a sex offender.  (Pen. Code, § 290.011, subd. (a).)[1]  He also admitted an enhancement allegation that he was out of custody on bail at the time of the offense.  (§ 12022.1.)  The trial court imposed felony probation that included a one-year term in county jail deemed served since defendant had already earned 404 days of presentence custody credits.  The court ordered defendant's release and, in accordance with the plea agreement, terminated his probation.  As part of the judgment, the court imposed various fees, including a criminal justice administration "booking fee" of $129.75.

On appeal, defendant contends the booking fee must be stricken because the evidence was insufficient to show his ability to pay.  Because defendant failed to object

---

[1] Subsequent undesignated statutory references are to the Penal Code.

to the fee at his sentencing hearing, however, we conclude he has forfeited his claim

under *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*).[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 12, 2011, Los Gatos police arrested defendant on a bench warrant. Evidence presented at his preliminary hearing showed defendant had been notified of his duty to register as a sex offender following his conviction for a prior offense. A custodian of records testified that database records showed defendant had failed to register with any law enforcement agency in California.

Defendant pleaded no contest to the charge, and admitted an allegation that he was out of custody on bail at the time of the offense. At sentencing, the trial court imposed, inter alia, a criminal justice administration booking fee of $129.75. (Gov. Code, § 29550.1.) Defendant lodged no objection to this fee.

## II. DISCUSSION

Defendant contends the evidence is insufficient to show his ability to pay the criminal justice administration booking fee.[3] Respondent contends he forfeited his claim by failing to object. Defendant concedes he failed to object, but argues his claim is not forfeited, relying on *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*) (claim of

---

[2] Defendant filed his opening brief before the California Supreme Court issued *McCullough*. Defendant's brief acknowledged that *McCullough* was pending. Defendant did not file a reply brief.

[3] Government Code section 29550.1 contains no explicit requirement of a finding of ability to pay. (Cf. Gov. Code, §§ 29550, subd. (d)(2) [booking fee shall be based on defendant's ability to pay] and 29550.2 ["If the person has the ability to pay, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person"].) Defendant contends an ability-to-pay requirement is implicit in section 29550.1 because defendants under that statute are similarly situated to defendants who are required to pay booking fees under sections 29550(d)(2) and 29550.2, two similar statutes that contain explicit ability-to-pay requirements. Because we find his claim forfeited, we need not reach that issue.

insufficient evidence of ability to pay criminal justice administration booking fee is not forfeited by failure to object).

Subsequent to *Pacheco*, the California Supreme Court held that a failure to object to a booking fee for insufficient evidence of the ability to pay constitutes a forfeiture of the claim. (*McCullough, supra,* 56 Cal.4th at p. 600 [disapproving *Pacheco*].) Defendant identifies no basis for distinguishing his case from that of *McCullough*; nor do we. Accordingly, we must reject defendant's claim.

### III.    DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Bamattre-Manoukian, J.

3