Filed 11/21/13  P. v. Jackson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070243 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F07440, 12F00090) |
| v. | |
| NAJJA DENEE JACKSON, | |
| Defendant and Appellant. | |

After pleading no contest to two counts of receiving stolen property (Pen. Code, § 496, subd. (a))[1] in two cases, defendant Najja Denee Jackson obtained a certificate of probable cause to challenge fees imposed during sentencing.  Defendant argues (1) there was no evidence of his ability to pay criminal justice administration fees of $804.20 imposed under Government Code section 29550.2, and (2) the trial court erred in making

---

[1] Undesignated statutory references are to the Penal Code.

1

payment of a court security fee (§ 1465.8) and court facilities assessment (Gov. Code, § 70373) conditions of defendant's "probation." The Attorney General concedes the latter point. We order modification to delete payment of the court security fee and court facilities assessment as conditions of mandatory supervision and clarify that imposition of these fees requires a separate court order. We otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2011, in case No. 11F07440, the prosecution filed a felony complaint charging defendant with receiving stolen property (§ 496, subd. (a)) and two misdemeanor Vehicle Code violations.

On January 4, 2012, in case No. 12F00090, the prosecution filed a second felony complaint charging defendant with receiving stolen property.

On January 10, 2012, pursuant to a negotiated disposition, defendant pleaded no contest to receiving stolen property in case No. 11F07440 and receiving stolen property in case No. 12F00090. The prosecutor recited the factual basis: (1) In the first case, police stopped defendant in his car on October 30, 2011, because his car lacked a front license plate. A search of defendant's car revealed purses in the trunk that did not belong to him. Defendant admitted knowingly receiving those items.[2] In the second case, on January 1, 2012, defendant was found in possession of a stolen Jamba Juice card, knowing it was stolen.

The remaining charges and allegations were dismissed. Defendant received a stipulated prison term of three years eight months, which was split under section 1170,

---

[2] The prosecutor also said numerous gift cards, identification cards, and checkbooks were found in the fabric liner of the car, which was a convertible. Defense counsel said defendant had just purchased the vehicle several days before the police stopped him, and he did not know about the items in the liner. The trial court asked defendant, who said he knew about everything in the trunk "but I didn't know about nothing in the lining."

2

subdivision (h), into a one-year prison term to be served in county jail and two years eight months of supervised release.

Among the fines and fees imposed for each of the two cases were a $340.01 main jail booking fee and $62.09 jail classification fee, payable in installments. (Gov. Code, § 29550.2.) At sentencing, defense counsel told the court: "I'm asking the Court to reduce the fines and fees [related to both cases]. My client is unemployed. He does not have the ability to pay." The court said the recommended fines were the minimum. Counsel said, "I understand. But my client is -- advises me he doesn't have the ability to pay. He usually works temporarily through Labor Ready and plans on going back to barber school. [¶] So I would ask the Court to reduce fees and fines as much as possible."

Counsel also argued that specific fines and fees -- the $340.01 main jail booking fee, the $62.09 main jail classification fee, a $30 court facilities assessment (Gov. Code, § 70373), and a $40 court security fee (§ 1465.8, subd. (a)(1)) -- could not be made "conditions of probation."

The trial court said, "This is the thing, those are all rather minimal fines. My expectation is that the defendant will follow the terms and conditions of probation, including seeking employment. He will have three years to make those fines. If you amortize that over the life of his commitment, it's --

"[Defense counsel]: I understand what the Court is saying -- I'm sorry. But you misunderstand: They are not fines or fees. These are fees and costs, and they should not be made terms and conditions of probation. [¶] The Court can clearly impose them all, although, I'm asking the Court not to. But I don't believe the Court can make them terms and conditions of probation such that he could be violated for them for non-payment."

After discussion of other matters, the trial court ruled, "defendant is eligible for probation. [¶] However, given the negotiated disposition between the parties, the Court will deny probation, and order that the defendant be committed to the California

3

Department of Corrections.  [¶]  However, that term shall be imposed as a county jail prison sentence pursuant to provisions of Penal Code Section 1170(h)."  The court imposed a sentence of three years on the first case and a consecutive term of eight months on the second case, with one year in county jail and the remainder of two years eight months "suspended pending defendant's supervision by the Probation Department." (§ 1170, subd. (h).)  The court imposed all of the above-mentioned fines and fees as conditions of the mandatory supervision.

## DISCUSSION

## I.  Ability To Pay

Defendant argues there was no substantial evidence of his ability to pay the Government Code section 29550.2 fees.  We disagree.

Government Code section 29550.2, subdivision (a), provides:  "Any person booked into a county jail pursuant to any arrest by any governmental entity not specified in Section 29550 or 29550.1 is subject to a criminal justice administration fee for administration costs incurred in conjunction with the arresting and booking if the person is convicted of any criminal offense relating to the arrest and booking.  The fee which the county is entitled to recover pursuant to this subdivision shall not exceed the actual administration costs, as defined in subdivision (c), including applicable overhead costs as permitted by federal Circular A 87 standards, incurred in booking or otherwise processing arrested persons.  *If the person has the ability to pay*, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person, and execution shall be issued on the order in the same manner as a judgment in a civil action, but the order shall not be enforceable by contempt.  The court shall, as a condition of probation, order the convicted person to reimburse the county for the criminal justice administration fee."  (Italics added.)

The plain language of the statute gives a defendant the right to a determination of his ability to pay this fee.  (*People v. McCullough* (2013) 56 Cal.4th 589, 592-593 (*McCullough*).)

4

As defendant acknowledges, we review the trial court's determination of ability to pay for substantial evidence. In our review, we "resolve all inferences and intendments in favor of the judgment" and determine "whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849.) We examine the evidence in a light most favorable to the court's determination and presume every fact that could reasonably have been deduced from the evidence. (*People v. Boyer* (2006) 38 Cal.4th 412, 480.)

Defendant does not dispute the truth of the factual assertions made by his trial counsel to the trial court at sentencing, i.e., (1) that defendant purchased the vehicle involved in the first incident "just several days" before that incident, which occurred on October 30, 2011, two months before the January 10, 2012 sentencing,[3] (2) that defendant "usually works temporarily through Labor Ready, and (3) that defendant "plans on going back to barber school." These facts suffice to show defendant had resources and ability to pay what would amount to $26.25 per month over the course of his term on mandatory supervision.

Defendant nevertheless argues there were no facts to support the trial court's finding of ability to pay. Defendant argues the trial court based its finding on its "expectation" that defendant would look for work when he was released from jail and would be able to pay the fee over the probation term. Defendant argues the court assumed that if defendant looked for work, he would find it. Defendant asks us to

---

[3] The People incorrectly claim that the offense involving the car was the second offense, which occurred on January 1, 2012. Defendant's reply brief says the "vehicle purchase, if in fact it happened--counsel stated that [s]he understood [defendant] to have purchased the vehicle just several days before his arrest--was irrelevant to [defendant's] financial position at sentencing more than two months later and following a felony arrest and conviction."

assume that job prospects for a recently released felon must be limited. He says there was no information about his assets, expenses, or debts, or what he might earn if he did get a job. Defendant argues, "While $840.20, amortized over what was projected to be a two years and eight months probation, would amount to a little more than $26.25 each month, there was simply no evidence to support the court's conclusion that [defendant] would have an ability to pay an extra $26.25 each month." Defendant argues that a determination of ability to pay requires the court to consider both income and expenses. He cites discussion in *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1399-1400 (*Pacheco*), disapproved on other grounds in *McCullough*, *supra*, 56 Cal.4th at p. 599.) The discussion in *Pacheco* involved a different matter -- ability to pay attorney fees under section 987.8 -- for which there is a statutory definition and criteria trial courts must consider.[4] (*Pacheco*, *supra*, at pp. 1397-1398.) Concerning section 987.8 attorney fees, the *Pacheco* court noted that there was no information about the defendant's "financial position, his earning ability, or his expenses--all of which would bear on any determination by the court of his ability to pay. [¶] Accordingly, there is no evidence in the record of [the defendant's] assets, employment status or other means of income from which the court could have made a determination of his ability to pay attorney fees as provided by section 987.8." (*Pacheco*, *supra*, at p. 1399.) *Pacheco* did not repeat this

---

[4] Section 987.8, subdivision (g)(2) provides: "(g) As used in this section: . . . [¶] . . . [¶] (2) 'Ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of the legal assistance provided to him or her, and shall include, but not be limited to, all of the following: [¶] (A) The defendant's present financial position. [¶] (B) The defendant's reasonably discernable future financial position. In no event shall the court consider a period of more than six months from the date of the hearing for purposes of determining the defendant's reasonably discernable financial position. . . . [¶] (C) The likelihood that the defendant shall be able to obtain employment within a six-month period from the date of the hearing. [¶] (D) Any other factor or factors which may bear upon the defendant's financial capability to reimburse the county for the costs of the legal assistance provided to the defendant."

point in its discussion of the criminal justice administration booking fee under Government Code section 29550.2 (*Pacheco*, *supra*, at pp. 1399-1400), which does not include a statutory definition of ability to pay or specific criteria courts must consider. Indeed, our high court in *McCullough* contrasted statutes that provide procedural requirements and guidelines related to the trial court's ability to pay determination against the criminal justice administration fee statutes. The court discussed these other statutes, "because they indicate that the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition." (*McCullough*, *supra*, 56 Cal.4th at p. 599.) We think defendant's reference to the *Pacheco* court's discussion regarding the ability to attorney fees is inapposite.

While we do not challenge defendant's view that his debts and expenses may be relevant to a determination of ability to pay, here the record affirmatively shows defendant has resources, yet defendant did not seek to adduce evidence of debts or expenses superseding his debt to the criminal justice system.

We conclude substantial evidence supports the trial court's conclusion that defendant has the ability to pay the Government Code section 29550.2 fees.

## II. Conditions of Mandatory Supervision

Defendant contends the trial court erred in making the court security fee (§ 1465.8) and court facilities assessment (Gov. Code, § 70373) "conditions of [his] probation." The People agree with defendant.

We agree that the conditions were invalid, but we must pause to clarify that the fees imposed are not conditions of probation. Defendant was not placed on probation. The court ordered mandatory supervision.[5] Mandatory supervision becomes a sentencing

---

[5] Both parties refer to the fees as conditions of probation. As we have noted, the trial ordered that "two years eight months . . .shall be suspended pending defendant's

7

possibility only after the trial court has determined not to grant probation, but to impose the statutory sentence, which but for the provisions of section 1170, subdivision (h) would have been served in state prison. Furthermore, unlike probation, supervision under a "split" sentence pursuant to section 1170, subdivision (h)(5)(B) is mandatory. The defendant cannot refuse mandatory supervision like he can refuse probation. And we observe that a prior version of the Realignment Act provided that a defendant's sentence may include "a period of county jail time and a period of *mandatory probation* not to exceed the maximum possible sentence." (Stats. 2011, ch. 39, § 27, eff. June 30, 2011, operative Oct. 1, 2011, italics added.) Before the operative date of this version, the Legislature amended section 1170 to delete the reference to "mandatory *probation*" and substitute it with the term "mandatory *supervision*." (Stats. 2011–2012 1st Ex. Sess., ch. 12, § 12, eff. Sept. 21, 2011, operative Oct. 1, 2011; Stats. 2011, ch. 361, § 6.7, eff. Sept. 29, 2011, operative Oct. 1, 2011.) Mandatory supervision and probation are two separate things, and the terms should not be used interchangeably.

However, section 1170, subdivision (h)(5)(B)(i)) provides that when the court imposes a "split" sentence, the defendant "shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation." Thus, the question here is whether the fees imposed as conditions of mandatory supervision are conditions "generally applicable to persons placed on probation." Because the court security fee and the court facilities assessment cannot be imposed as conditions of probation, we agree with defendant and the People; the fees should not have been imposed as conditions of mandatory supervision.

---

supervision by the Probation Department." However, the court went on to refer to the conditions both as "conditions of probation" and "mandatory supervision terms." And we note that the trial court has used a form labeled, "MINUTE ORDER & ORDER OF PROBATION," which has a place for a defendant to sign above the word "probationer." Nonetheless, the minutes accurately state that the court ordered mandatory supervision, and that the conditions are conditions of mandatory supervision.

8

In *Pacheco*, the trial court imposed a court security fee as a condition of probation. The *Pacheco* court held, "The imposition of the court security fee [under section 1465.8[6]] as a condition of probation was unauthorized because like probation costs, this fee is collateral to [defendant's] crimes and punishment and as such, its payment may not be made a condition of probation. (*People v. Hall* (2002) 103 Cal.App.4th 889, 892 [probation costs are collateral and thus their payment may not be made a condition of probation]; *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321–322 [same]; *People v. Hart*[ (1998)] 65 Cal.App.4th [902,] 907 [same re: attorney fees and costs].) Certain fines such as those relating to restitution, for example, may by statute be imposed as conditions of probation, but the court security fee is not one of them. [Citations.] One reason for the distinction between fines that may be imposed as probation conditions and those that may not is that probation 'should be oriented towards rehabilitation of the defendant and not toward the financing of the machinery of criminal justice.' [Citation.] An equally compelling reason for the distinction is that a defendant may be imprisoned for violating a probation condition, but not for violating an order to pay costs and fees. [Citation.] The nonpunitive purpose of the court security fee squarely places it among those fines and fees that are collateral to the crime and the consequent punishment for its commission.

"An order directing payment of collateral costs like the court security fee is thus not enforceable as a probation condition but instead only as a separate money judgment in a civil action, and the order should thus be imposed as a separate order entered at judgment. [Citations.] Because the order directing payment of the court security fee as a condition of probation was erroneous, we will modify the judgment to delete it as a

---

[6] Section 1465.8 provides: "(a)(1) To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense . . . ."

9

probation condition and clarify that it is instead a separate order. [Citation.]" (*Pacheco*, *supra*, 187 Cal.App.4th at pp. 1402-1403.)

The same reasoning applies to the court facilities assessment under Government Code section 70373, which provides: "(a)(1) To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . . [¶] . . . [¶] (d) . . . [T]he assessments collected pursuant to subdivision (a) shall all be deposited in a special account in the county treasury and transmitted therefrom monthly to the Controller for deposit in the Immediate and Critical Needs Account of the State Court Facilities Construction Fund . . . ."

We conclude the court security fee and the court facilities assessment could not be appropriate conditions of probation and therefore, are not valid conditions of mandatory supervision. Imposition of these fees should be reflected as a separate court order.

## DISPOSITION

The judgment is modified to delete the court security fee and the court facilities assessment imposed as conditions of mandatory supervision and to clarify that these fees constitute a separate court order. The trial court is directed to prepare an amended abstract of judgment reflecting this disposition and to forward a certified copy of the amended abstract to the Sacramento County Sheriff. The judgment is otherwise affirmed.

                                        MURRAY           , J.

We concur:

            ROBIE          , Acting P. J.

            HOCH          , J.

10