Filed 12/2/13  P. v. Gill CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE, | C072537 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F3697) |
| v. | |
| KENDAL SCOTT GILL, | |
| Defendant and Appellant. | |

After assaulting his mother, defendant Kendal Scott Gill pled no contest to assault with force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)[1] Sentenced to four years in prison, defendant appeals.  Both of his contentions relate to fines and fees.  We dispense with the recitation of facts unnecessary to the disposition of these issues.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## I

Defendant contends, and the People agree, that the clerk's transcript erroneously reflects the imposition of a $200 base fine pursuant to section 672. As correctly noted by both parties, the trial court did not orally impose this fine.

The rendition of judgment is the oral pronouncement at sentencing. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) Where there is a discrepancy between the oral pronouncement rendering judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (*Ibid.*) Thus, the minute order and abstract of judgment must be amended to reflect the trial court's pronouncement, which did *not* include a section 672 fine.[2] (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

## II

Defendant also contends the trial court improperly imposed a 10 percent ($24) surcharge on his $240 restitution fine, pursuant to section 1202.4, subdivision (*l*).[3] He contends it cannot be imposed because the record does not support a finding that the amount imposed is the actual cost incurred by the county. Defendant, however, did not object to the imposition of the surcharge at sentencing.

Relying on *People v. Pacheco* (2011) 187 Cal.App.4th 1392, defendant contends his failure to object in the trial court did not forfeit the issue for appeal. He notes in his

---

[2]    A section 672 fine would, in any event, have been unauthorized. As noted by the parties, section 672 provides for the imposition of a fine only in relation to crimes for which no fine is otherwise prescribed. (§ 672.) Section 245, subdivision (a)(4) expressly provides for a fine not exceeding $10,000 for assault by means of force likely to produce great bodily injury.

[3]    Subdivision (*l*) of section 1202.4 provides: "At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."

brief, however, that the similar issue as it relates to the imposition of a booking fee was pending before the California Supreme Court.

During the pendency of this appeal, the California Supreme Court issued its opinion in *People v. McCullough* (2013) 56 Cal.4th 589. *McCullough* held that the failure to object to the imposition of a booking fee forfeits the argument on appeal that there was no evidence of the defendant's ability to pay such a fee, and disapproving *People v. Pacheco*, *supra*, 187 Cal.App.4th 1392. We discern no distinction between the imposition of the booking fee and the restitution surcharge in this regard. Accordingly, we conclude defendant's claim is forfeited.

We also reject defendant's alternative theory -- that he received ineffective assistance of counsel because counsel did not object.

To establish ineffective assistance of counsel, defendant must show his counsel's performance was deficient when measured against the standard of a reasonably competent attorney and that counsel's deficient performance resulted in prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 688 [80 L.Ed.2d 674]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216, 218.) Defendant cannot show either.

Shasta County Board of Supervisors' Resolution No. 2001-175, dated August 21, 2001, specifically states:

"WHEREAS, subdivision (*l*) of section 1202.4 of the Penal Code permits the Board of Supervisors to impose a fee to cover the actual administrative costs of collecting a restitution fine from criminal defendants who have been ordered to pay such a fine pursuant to subdivision (b) of section 1202.4 of the Penal Code; and

"WHEREAS, subdivision (*l*) of section 1202.4 of the Penal Code provides that said fee shall not exceed 10 percent of the amount of the restitution fine; and

"*WHEREAS, the Board of Supervisors has determined that the actual administrative costs incurred in collecting restitution fine payments from criminal defendants is 10 percent of the amount of the restitution fine*;

"NOW, THEREFORE, BE IT RESOLVED, that a fee equal to 10 percent of the amount of the restitution fine ordered to be paid by a criminal defendant shall be added to cover the actual administrative costs of collecting said restitution fine.

"BE IT FURTHER RESOLVED, that the fees collected pursuant to this Resolution shall be paid into the general fund of the county."  (Italics added.)

We grant the People's request for judicial notice of this resolution.  In light of this resolution, counsel's decision not to challenge the basis for the 10 percent surcharge was reasonable and not prejudicial.

DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the clerk's minutes and prepare an amended abstract of judgment omitting reference to a section 672 fine, and the corresponding assessments, and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                               BLEASE                , Acting P. J.


We concur:


        NICHOLSON        , J.


        HULL               , J.