Filed 1/22/14  P. v. Hernandez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038996 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1109338) |
| v. | |
| ADRIAN DANIEL HERNANDEZ, | |
| Defendant and Appellant. | |

While he was on probation for burglary of a dwelling, the defendant stole a cell phone from Seema Chicherur.  He was charged with second degree robbery for taking the cell phone as well as false imprisonment.  In addition he was charged with having prior serious felony convictions.  He committed these offenses while on probation.  After a rather lengthy presentation concerning defendant's mental disabilities the court, in accordance with a plea agreement allowed him to enter a plea of no contest to second degree robbery.  He also admitted the strike prior.  The false imprisonment count was dismissed and the court sentenced him to four years in prison.

His appeal here urges us to reverse the trial court because it ordered him to pay a booking fee of $129.75 to the City of San Jose, this pursuant to Government Code sections 29550, 29550.1 and 29550.2.

In aid of his argument, he claims, as a matter of fact, that the trial court failed to assess his ability to pay the $129.75 booking fee and failed to determine what the actual

administrative costs for the booking was.  He supports his argument citing *People v. Pacheo* (2010) 187 Cal.App.4th 1392, 1399 (*Pacheco*), disapproved in *People v. McCullough* (2013) 56 Cal.4th 589, 598 (*McCullough)*, as well as Government Code section 29550, subdivision (a) which provides that the fee "shall not exceed the actual administrative costs" of booking.  The Attorney General answers that the argument is forfeited because he failed to object at the time of the fee imposition.

It is true that our case of *Pacheco, supra,* 187 Cal.App.4th 1392 held that claims based on insufficiency of the evidence to support an order for probation related costs do not need to be raised in the trial court to preserve the issue on appeal.  Another case, *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1071-1072, held that a claim of insufficient evidence to support a fee was forfeited on appeal if not objected to.

During the pendency of this appeal, the California Supreme court ruled that "a defendant who does nothing to put at issue the propriety of imposition of a booking fee forfeits the right to challenge the sufficiency of the evidence to support imposition of the booking fee on appeal, in the same way that a defendant who goes to trial forfeits [a] challenge to the propriety of venue by not timely challenging it."  (*McCullough, supra,* 56 Cal.4th at p. 598.)  The *McCullough* court held that "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal."  (*Id*. at p. 597.)  We are bound by this determination.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

The *McCullough* court distinguished "between an alleged factual error that had necessarily not been addressed below or developed in the record because the defendant failed to object, and a claimed legal error, which 'can be resolved without reference to the particular sentencing record developed in the trial court.' " (*McCullough, supra*, 56 Cal.4th 589, 594.)  The Supreme Court observed "we may review an asserted legal error in sentencing for the first time on appeal where we would not review an asserted factual

2

error." (*Ibid.*) "In the case of an asserted legal error, '[a]ppellate courts are willing to intervene in the first instance because such error is "clear and correctable" independent of any factual issues presented by the record at sentencing.' " (*Ibid.*)

Defendant's challenge to the booking fee raises the initial question of whether equal protection principles require Government Code section 29550.1 to be interpreted as including an ability-to-pay requirement. The forfeiture doctrine has been applied to unpreserved equal protection claims. (See, e.g., *People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.) As the *McCullough* court observed, " ' " 'a constitutional right' or a right of any other sort, ' may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " ' [Citation.] 'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.' [Citation.] ' "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]" ' [Citation.] Additionally, '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' [Citation.]" (*McCullough, supra*, 56 Cal.4th at p. 593.)

## DISPOSITION

We affirm the order of the trial court.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

4