Filed 4/22/14  P. v. Leonity CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070152 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F02317) |
| v. | |
| DENNIS LEONTIY, | |
| Defendant and Appellant. | |

A jury convicted defendant Dennis Leontiy of assault with a firearm (Pen. Code, § 245, subd. (a)(2); count two),[1] malicious and willful discharge of a firearm at an occupied motor vehicle (§ 246; count three), and assault (§ 240) as a lesser included offense to that charged in count one (assault with a deadly weapon, to wit, a motor vehicle and by means of force likely to produce great bodily injury).  In connection with count two, the jury found that defendant personally used a firearm (former §12022.5 subd. (a)).

---

[1]    Undesignated section references are to the Penal Code.

1

Sentenced to state prison, defendant appeals. He contends the trial court prejudicially erred in failing to instruct sua sponte on negligent discharge of a firearm. He also contends that insufficient evidence supports the amount of the jail booking and classification fees. We reject defendant's contentions and affirm the judgment.

FACTS

About 1:45 a.m. on April 8, 2010, Olga Leontiy heard a noise, looked out the window of her house, and saw two men wearing hoodies inside her son's (Maksin) truck.[2] The men walked away. She called Maksin who called the police. Her husband, Nikolay, then left in his white Toyota Tacoma pickup truck to look for the suspects of the car break-in. Olga also called her other son, defendant.

Meanwhile, Arthur Shiboyan, driving his red Volkswagen Golf, was taking his passenger, Jamie Amentler, to her home after a date. Amentler's home was located a short distance away from the Leontiy's home. Suddenly, Nikolay in his white pickup pulled behind the Golf and closely followed, honking his horn. Shiboyan believed the pickup wanted to pass but when Shiboyan pulled over, the pickup pulled over. When Shiboyan sped up, the pickup sped up. Amentler called her father. As they were being chased by Nikolay, a yellow Acura Integra, driven by defendant, started to follow as well. Nikolay and defendant continued to follow the victims and Shiboyan headed for a main thoroughfare where he was able to gain distance between him and Nikolay. Only defendant was able to keep up and there were no other cars on the road. Shiboyan and Amentler were frightened. Defendant pulled his car up "very close" behind the Golf. Shiboyan heard gunshots and the sound of something hitting his car. Amentler did not hear gunshots but heard "things" like tools or metal hitting the back of the Golf. Shiboyan pushed Amentler's head down and she called 911. Amentler told the 911

_____

[2] The first names of the Leontiy family are used to avoid confusion; no disrespect is intended.

2

operator that shots had been fired at their car. Two bullet holes were later found in the right rear of the Golf. One hole was in the right taillight and the other was just above the right taillight.

Shiboyan was forced to stop at a deadend where he put his car into reverse. Defendant crashed his car into the Golf. Nikolay had caught up by this time and rammed into the passenger side of the Golf. Amentler dropped her cell phone and could not find it. Shiboyan was able to keep driving, and stopped outside a business where some people were standing. Shiboyan called 911. As Shiboyan and Amentler waited for the police, defendant drove back and forth a couple of times, departing before the police arrived.

Defendant also called 911 and claimed people were shooting at him. When his car was later inspected, no bullet holes were found. Amentler denied that either she or Shiboyan shot at anyone. Shiboyan denied that he shot at anyone or had a gun.

Nikolay returned home with no headlights on and tinkered with them for just a couple of minutes before the police arrived to investigate the car break-in. The police later found defendant some distance away from the area of the chase and shooting.

A gunshot residue test (GRT) done on defendant revealed numerous particles which were deposited when he had fired or recently fired a firearm or had handled a recently fired firearm. A GRT done on Nikolay revealed only one particle which suggested the same.

Nikolay and defendant were charged with assault with a deadly weapon, to wit, a motor vehicle. Only defendant was charged with assault with a firearm and shooting at an occupied motor vehicle. Defendant and Nikolay were tried together but before different juries. Nikolay testified before both juries, denying that he struck the victims' car and denying that he had a firearm. He also denied hearing gunshots. Defendant did not testify. The jury convicted Nikolay of the lesser included offense of misdemeanor assault.

3

DISCUSSION

I

Defendant contends the trial court had a duty to instruct sua sponte on the lesser included offense of negligent discharge of a firearm. We reject defendant's contention and conclude that there was no substantial evidence that the offense was less than that charged.[3]

A trial court must instruct sua sponte on all lesser included offenses "when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged." (*People v. Breverman* (1998) 19 Cal.4th 142, 154.) "Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 117.) "[T]he existence of '*any* evidence, no matter how weak' will not justify instructions on a lesser included offense, but such instructions are required whenever evidence that the defendant is guilty only of the lesser offense is 'substantial enough to merit consideration' by the jury. [Citations.] 'Substantial evidence' in this context is ' "evidence from which a jury composed of reasonable [persons] could . . . conclude[]" ' that the lesser offense, but not the greater, was committed. [Citations.]" (*People v. Breverman, supra,* 19 Cal.4th at p. 162, original italics.)

Section 246 provides in relevant part that "[a]ny person who shall maliciously and willfully discharge a firearm at an . . . occupied motor vehicle . . . is guilty of a felony, and upon conviction shall be punished . . . ."

---

[3] Defendant raised this issue in his motion for new trial which the trial court denied, finding there was no substantial evidence for the instruction.

Section 246.3, subdivision (a) provides in relevant part that "any person who willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person is guilty of a public offense and shall be punished . . . ."

*People v. Ramirez* (2009) 45 Cal.4th 980, at page 990, "conclude[d] that section 246.3(a) is a necessarily included lesser offense of section 246. Both offenses require that the defendant willfully fire a gun. Although the mens rea requirements are somewhat differently described, both are general intent crimes. The high probability of human death or personal injury in section 246 is similar to, although greater than, the formulation of likelihood in section 246.3(a), which requires that injury or death 'could result.' The only other difference between the two, and the basis for the more serious treatment of a section 246 offense, is that the greater offense requires that an inhabited dwelling or other specified object be within the defendant's firing range. All the elements of section 246.3(a) are necessarily included in the more stringent requirements of section 246."

"[S]ection 246 is not limited to the act of shooting directly 'at' an inhabited or occupied target. Rather, the act of shooting 'at' a proscribed target is also committed when the defendant shoots in such close proximity to the target that he shows a conscious indifference to the probable consequence that one or more bullets will strike the target or persons in or around it." (*People v. Overman* (2005) 126 Cal.App.4th 1344, 1356, fn. omitted (*Overman*).)

Defendant misplaces his reliance upon *Overman*. In *Overman,* the defense theory was that the defendant did not shoot "at" anyone or any building but simply fired his weapon into the air. (*Overman, supra,* 126 Cal.App.4th at p. 1354.) *Overman* found that there was substantial evidence supporting the instruction on the lesser included offense of grossly negligent discharge of a firearm: no witness testified as to where the defendant was aiming his rifle when he fired it; no bullet holes were found on any of the buildings;

5

and the defendant was an excellent marksman, suggesting he could hit anything at which he aimed. (*Id.* at pp. 1362-1363.)

Here, there was no evidence that defendant did not aim at the Golf and simply shot his firearm into the air or by accident to support a finding that he discharged a firearm in a grossly negligent manner. Instead, all the evidence showed that he maliciously and willfully shot at or in close proximity to Shiboyan's car. According to both Shiboyan and Amentler, once they reached the thoroughfare, Nikolay, who was in the pickup, did not keep up but defendant who was in the Acura pulled up "very close" behind them. Neither Shiboyan nor Amentler saw where defendant was aiming his gun when he fired it but Shiboyan heard the gunshots and they both heard the shots hit their car. Defendant was the only one behind the Golf and was close enough to hit the speeding Golf with gunshots not once but twice in the right rear passenger side, once in the taillight and the second time just above it. Shiboyan's car was absolutely "within the defendant's firing range." (*People v. Ramirez, supra,* 45 Cal.4th at p. 990.) There was no substantial evidence to support an instruction on negligent discharge as a lesser included offense to count three charged against defendant. We find no error.

Defendant claims that there was evidence that the shots were fired by Nikolay, not defendant. Nikolay was not charged with assault with a firearm or willful and malicious discharge of a firearm at an occupied vehicle, only defendant was charged with these offenses. The GRT performed on Nikolay was inconclusive (only one particle had been deposited). Although there was testimony about the probable cause statement and computer automated dispatch logs which contained statements that shots were fired at Shiboyan and Amentler from the pickup truck, this evidence was not received for the truth of the matter asserted but to show the affect on the listener. Moreover, the jury necessarily resolved this issue against defendant in finding that he committed an assault with a firearm and personally used a firearm. Defendant does not challenge this conviction and finding on appeal.

6

## II

Following the probation officer's recommendation in his report which defendant had received, the trial court ordered defendant to pay a $242.29 main jail booking fee and $27.22 main jail classification fee pursuant to Government Code section 29550.2. There was no objection. Relying upon *People v. Pacheco* (2010) 187 Cal.App.4th 1392, defendant now contends that there is no evidence that these fees were limited to the actual administrative costs incurred to book and process him. Noting that a deputy sheriff arrested him, he claims that the incorrect statute was cited (Gov. Code, § 29550.2, rather than Gov. Code, § 29550, subd. (c)), although conceding that the error is inconsequential since both statutes require the court to impose the "actual administrative costs." He claims that the issue is not forfeited for failure to object as discussed in *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), arguing *McCullough* decided a different issue. We disagree with defendant's reading of *McCullough.*

In *McCullough,* the defendant challenged the imposition of a booking fee without a finding of the ability to pay. *McCullough* held that "a defendant who does nothing to put at issue the propriety of imposition of a booking fee forfeits the right to challenge the sufficiency of the evidence to support imposition of the booking fee on appeal, in the same way that a defendant who goes to trial forfeits his challenge to the propriety of venue by not timely challenging it." (*McCullough*, *supra*, 56 Cal.4th at p. 598.) The court noted that "the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong. [Citation.]" (*Id.* at p. 599.) The court further noted that determining a defendant's ability to pay was "much less complex" than determining his sentence. (*Ibid*.) Disapproving *Pacheco, McCullough* stated, "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the

7

sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee under Government Code section 29550.2. [Citation.]" (*McCullough, supra,* at p. 599.)

The reasoning of *McCullough* applies equally to the sufficiency of the evidence to support an implied finding of the actual administrative costs of booking and processing defendant. "[B]ecause a court's imposition of a booking fee is confined to *factual determinations*, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*McCullough, supra,* 56 Cal.4th at p. 597, italics added.) Defendant's contentions regarding both the booking fee and classification fee are forfeited by his failure to object below.

DISPOSITION

The judgment is affirmed.

    NICHOLSON    , Acting P. J.

We concur:

    HULL    , J.

    BUTZ    , J.

8