Filed 8/28/15  P. v. Monteer CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICKY MONTEER,<br><br>        Defendant and Appellant. | A140297<br><br>(Contra Costa County<br>Super. Ct. No. 41768571) |

After defendant Ricky Monteer pleaded guilty to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), the trial court placed him on three years' formal probation and imposed various fines and fees.  On appeal, defendant contends the court improperly delegated to the probation department the responsibility for determining the amount of the probation supervision fee (Pen. Code, § 1203.1b) and erred in imposing a criminal justice administration (booking) fee (Gov. Code, § 29550, subd. (d)(2)) and attorney fees (Pen. Code, § 987.8) without determining his ability to pay.

The California Supreme Court has recently addressed these fees in a trilogy of cases:  *People v. Aguilar* (2015) 60 Cal.4th 862 (*Aguilar*), *People v. Trujillo* (2015) 60 Cal.4th 850 (*Trujillo*) and *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*).  In light of these cases, we conclude defendant forfeited any complaint about the referral of the probation supervision fee because he failed to raise it in the trial court.  He did, however, object to the imposition of the booking and attorney fees on ability to pay grounds.  He therefore preserved the issues for appeal, and we now reverse

1

in light of the Supreme Court's clear directive that a trial court must make an ability to pay determination before imposing an unconditional payment obligation.

We recite only the facts relevant to the fee issues defendant raises on appeal.

At the outset of what became the sentencing hearing, counsel advised the trial court that the parties had reached a negotiated disposition of a probation revocation matter and the instant criminal case. Defense counsel recited the principal terms of the agreement and then objected to the imposition of any fines and fees the court could waive on the ground defendant lacked ability to pay. The court responded, "Well, what I'll do is I'll go through them in the sentencing, and then tell me which actual ones you object to, and then my understanding is the probation department is doing the task of gathering the information, making a recommendation just like they do for attorney's fees, we'll— whoever does it for attorney's fees, same process, and then it goes back to a judge and he can ask for a hearing if he doesn't agree with what they are."

The court then took defendant's plea, suspended imposition of sentence, and placed defendant on three years of formal probation subject to numerous terms and conditions, including that he serve 180 days in the county jail term with credit for time served.

The court additionally imposed numerous fines and fees. As to the booking fee, the court stated: "There is a criminal justice administration fee of $564. Contact Court Collections and Alliance One in order to set up a payment plan for any of these fees and fines, and do that as soon as you're able to." As to probation costs, the court stated: "The cost of probation services to be determined by the probation officer." As to attorney fees, the court stated: "As far as attorney's fees for the Public Defender, this is pre-preliminary hearing, so $200 is assessed. That paperwork will tell you the process to go through if, in fact, you want to have a hearing on ability to pay on that."

The court then returned to defense counsel's objection to the fees, asking "as to those terms and fees and fines, which specific ones are you objecting to?" Counsel replied: "Well, I'm objecting to the 280 [restitution and probation revocation fine

2

amounts], the 564 [booking fee], and the $200 of attorney's fees based on Mr. Monteer not having a present ability to pay." Counsel made no objection to the referral of the probation supervision fee.

Turning to defendant, the court engaged in the following colloquy:

> "The Court: As far as the 564, Mr. Monteer, do you have a job waiting for you when you get out?
> "The Defendant: No, I don't. Not currently.
> "The Court: When was the last time you worked?
> "The Defendant: Uh, long time ago.
> "The Court: Okay.
> "The Defendant: I've been doing time since I was 18 years old, ma'am.
> "The Court: Not a lot of expenses then.
> "The Defendant: Well. . .
> "The Court: Okay. Because you do have, it sounds like, a complicated history, I'm going to leave that up to Probation then. I'll refer you for all fees and fines over to Probation to determine ability to pay, and—
> "The Defendant: Thank you.
> "The Court: —you are ordered to appear before the probation officer within 20 days of your release from custody so that the probation officer can inquire into your ability to pay these fees.
> [¶] . . . [¶]
> "The Court: Okay. If you disagree with the probation officer's determination of your ability to pay, you have the right to a hearing before this Court. [¶] So do you understand the terms?
> "The Defendant: Yes, ma'am.
> "The Court: Do you accept them?
> "The Defendant: Yes, ma'am.
> "The Court: They will be the order of this Court."

The felony order of probation and clerk's minutes reflect what transpired at the hearing—that defendant must pay a fee for "Probation services as determined by Probation" and must also pay a $564 booking fee and $200 in attorney fees, the latter not being a condition of probation but separately ordered. The felony order of probation further notes under "Additional Terms" of probation, that defendant is to "report to C.P.O. within 5 days of release from custody." The clerk's minutes state in the "waiver/plea" section (not the "fines/fees" section) that defendant is to "report to C.P.O.

3

W/I 5 days of release from jail. As to fines and fees must report to CPO W/I 20 days from release from jail."

DISCUSSION

*Probation Supervision Fee*

Penal Code section 1203.1b governs probation supervision fees and authorizes the trial court to order a defendant to appear before the probation officer for a determination of both the amount and manner of payments based on the defendant's ability to pay. (Pen. Code, § 1203.1b, subd. (a).)

Although the issue of forfeiture for failing to object in the trial court to the imposition of probation fees under Penal Code section 1203.1b was unsettled at the time the parties submitted their briefs, the Supreme Court recently held in *Trujillo* and *Aguilar* that the forfeiture rule applies. (*Trujillo*, *supra*, 60 Cal.4th at p. 858 ["Notwithstanding the statute's procedural requirements, we believe to place the burden on the defendant to assert noncompliance with [Penal Code] section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal is appropriate."]; *Aguilar, supra,* 60 Cal.4th at pp. 867–868 [applying forfeiture rule "is especially appropriate" under Penal Code section 1203.1b, given the multiple chances to object during the statutory procedure for determining the appropriate amount of fees].)

Since defendant failed to voice any objection to the referral of probation fees to the probation department, he has, under *Trujillo* and *Aguilar*, forfeited any complaint about the referral on appeal.

*Booking Fee*

Government Code sections 29550, 29550.1, and 29550.2 authorize the imposition of a criminal justice administration fee—a "booking fee"—on an arrestee who is ultimately convicted. "Which section applies to a given defendant depends on which governmental entity has arrested a defendant before transporting him or her to a county jail." (*McCullough, supra,* 56 Cal.4th at p. 592.) The record reflects defendant was arrested by the Contra Costa County Sheriff's Department. Accordingly, although the trial court did not recite the statutory authority for the booking fee it imposed, the parties

4

agree Government Code section 29550, applicable when the arresting agency is a county officer, applies in this case.

Government Code section 29550, subdivision (d)(2), provides: "The court shall, as a condition of probation, order the convicted person, based on his or her ability to pay, to reimburse the county for the criminal justice administration fee, including applicable overhead costs." (Gov. Code, § 29550, subd. (d)(2).)

In *McCullough*, the Supreme Court not only stated the statutory language clearly afforded the defendant "the right to a determination of his ability to pay the booking fee *before* the court order[s] payment" (*McCullough, supra*, 56 Cal.4th at pp. 592–593, italics added), it further stated its forfeiture ruling was supported by other statutes "where the Legislature has similarly required a court to determine if a defendant is able to pay a fee *before* the court may impose it." (*Id.* at p. 598.)

The Supreme Court also explained in *McCullough* that when a defendant challenges a booking fee on appeal on the ground of inability to pay, he or she is advancing a sufficiency of the evidence argument. (See *McCullough, supra*, 56 Cal.4th at pp. 591 ["Defendant contends that he is entitled to challenge this fee order for sufficiency of the evidence for the first time on appeal."], 597 ["because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal"].) When a trial court orders a defendant to pay a specific booking fee and only thereafter refers him or her to probation for an ability to pay determination, there is, of course, no evidentiary record undergirding the court's fee order.

Thus, the clear import of *McCullough* is that when a defendant *does* object to the imposition of a booking fee, there must be some evidentiary basis before the trial court supporting an ability to pay determination (either express or implied)—provided, for example, by a sentencing report—before the court orders a defendant to pay a specified booking fee.

Here, while the trial court began to make an ability to pay inquiry, it stopped when it sounded like defendant had "a complicated history" and referred him to the probation department. Accordingly, when the court ordered defendant to pay the $564 booking fee, it had made no ability to pay determination, and instead, it had referred defendant for an after-the-fact examination of his circumstances and a possible adjustment of the imposed fee.[1] The booking fee must therefore be stricken. (See *Pacheco, supra,* 187 Cal.App.4th at pp. 1399–1400 [because trial court imposed specific booking fee without making ability to pay determination, no substantial evidence supported fee order; referral of defendant to the " 'Department of Revenue for a determination of his ability to pay certain fines and fees' " not sufficient to comply with statute].)

### Attorney Fees

Penal Code section 987.8 authorizes the trial court to order a defendant to appear before a county officer to make an inquiry into the defendant's ability to pay all or a portion of legal assistance provided. (Pen. Code, § 987.8, subd. (b).) Here, however, the trial court ordered defendant to pay a specific amount of fees—$200—before it referred him to the probation officer for an ability to pay determination. For essentially the same reasons discussed above in connection with the booking fee, the trial court erred in ordering defendant to pay the specified fee before any ability to pay determination was made.

The Supreme Court specifically discussed attorney fees in *Aguilar.* In fact, what occurred in the trial court in *Aguilar* is similar to what occurred here. In *Aguilar*, the trial

---

[1] The order in this case is an unequivocal directive that defendant pay a $564 booking fee and cannot reasonably be interpreted as a mere "conditional" order imposing no payment obligation on defendant. (See *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1396 (*Pacheco*), disapproved on other grounds in *McCullough, supra,* 56 Cal.4th at p. 599 [observing specific fee amounts were not "made conditional" on a subsequent ability to pay determination by the Department of Revenue]; and *Trujillo, supra,* 60 Cal.4th at p. 856, fn. 3 [whether trial court "actually imposed specific presentence investigation and probation supervision fees" might be "debatable" because defendant was ordered to pay fees "not to exceed" specified amounts; court nevertheless "assume[d] the court's order fixed the challenged fees"].)

court imposed numerous fines and fees of specific amounts, including $500 in appointed trial counsel fees. (*Aguilar, supra,* 60 Cal.4th at p. 865.) The court then stated: " 'Many of these fees are going to be based on his ability to pay. When he contacts the probation office, he'll fill out fiscal financial assessment form [*sic*] and he can talk with the probation deputy about his ability to pay these various fees.' " (*Id.* at p. 865.) Had this after-the-fact ability to pay determination been an appropriate way to proceed, the Supreme Court would not, of course, have needed to address the issue of forfeiture of error. The court went on to hold "that defendant's failure to challenge the fees in the trial court precludes him from doing so on appeal." (*Id.* at p. 864.) Indeed, it concluded applying the forfeiture rule was "especially appropriate" in the case before it because the defendant had had two opportunities to object to the fees—at the sentencing hearing when the trial court "announced the fees it *was imposing*" and thereafter at the anticipated meeting with the probation officer. (*Id.* at pp. 867–868, italics added.)

Since the trial court here ordered defendant to pay $200 in attorney fees before any ability to pay determination was made and defendant *did* object, the fee order is not supported by substantial evidence and, like the booking fee, must be stricken.[2]

### DISPOSITION

The judgment is reversed as to the $564 criminal justice administration (booking) fee and the $200 in attorney fees, and those fees are ordered stricken. In all other respects, the judgment is affirmed.

---

[2] As discussed in footnote 1, *supra,* the trial court's order that defendant pay $200 in defense attorney fees cannot reasonably be read as a mere "conditional" order. Rather, it is a specific directive that the court indicated might be revisited after-the-fact, once defendant met with the probation department and if he disagreed with its assessment as to his ability to pay.

_____

Banke, J.

We concur:

_____

Margulies, Acting P. J.

_____

Dondero, J.

8