Filed 9/22/20  P. v. Idiaquez CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALEJANDRO IDIAQUEZ, Defendant and Appellant. | D076162 (Super. Ct. No. JCF002265) |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd and Marco D. Nuñez, Judges.  Affirmed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Alejandro Idiaquez pled no contest to one count of possessing a dangerous weapon by an inmate.  The court sentenced him to

two years in prison and imposed fines, fees, and assessments. Defendant objected that he had no ability to pay, and the court stayed them all for one year stating that the defendant had the ability to pay in the future.

Defendant appeals the judgment contending that he lacks the ability to pay the restitution fine, and that the trial court's determination that his ability to pay was unsupported by the evidence. We disagree and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

During a hearing on July 3, 2019, defendant pled no contest[1] to possession of a dangerous weapon by an inmate in violation of Penal Code section 4502, subdivision (a). The court gave him a two year minimum sentence and imposed the following: (1) a $30 criminal needs assessment (Gov. Code, § 70373, subd. (a)); (2) a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)); and (3) a $300 state restitution fine (Pen. Code, § 1202.4, subd. (b)). The court also imposed and stayed a $300 parole revocation fine (Pen. Code,[2] § 1202.45).

Defendant argued that he did not have the ability to pay. Defendant made the following points: (1) defendant was indigent; (2) defendant's present ability to pay was zero; (3) defendant did not have a prison work assignment and was not eligible for one because he was being held in administrative segregation; and (4) jobs are limited at the prison where defendant is serving his time; thus, he was unlikely to get a work assignment even once he was released from administrative segregation.

---

[1] Appellant's opening brief states that defendant pled guilty to the charge.

[2] All further statutory references are to the Penal Code unless otherwise specified.

2

The court stayed the fines, fees, and assessments for one year[3] and concluded that once defendant was released from administrative segregation, he would have the ability to work, thus the ability to pay. Defendant was 26 years old and offered no evidence of any health issues preventing him from being able to work. Defendant is set to be released in a short few years depending on how his credits will be calculated. During a second hearing on August 8, 2019, the court affirmed the first order regarding the fines, fees, and assessments.[4]

## DISCUSSION

Defendant argues that the court's finding that defendant had the ability to pay the $300 restitution fine violated his right to due process under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) because there was a lack of evidence in the record to support such a determination. *Dueñas* held that it is a violation of due process to impose a restitution fine on indigent defendants without first determining if they have the present ability to pay. (*Id*. at pp. 1169-1173.) Unlike in *Dueñas*, here defendant had an ability to pay hearing. (See *id*. at p. 1162.)

Moreover, we disagree with *Dueñas* on the applicability of due process in situations like this one. (See *People v. Hicks* (2019) 40 Cal.App.5th 320,

---

[3]    Appellant's brief mistakenly states the stay will be lifted July 1, 2020. We recognize the stay will be lifted July 2, 2020, as stated by the court.

[4]    The second hearing was before a different judge. At the hearing, the court relied on the clerk's transcript of the first court's judgment, which incorrectly stated only the $300 restitution fine was stayed for one year. However, the transcript of the hearing indicates that the fines, fees, and assessments were all stayed for one year. (*People v. Harrison* (2005) 35 Cal.4th 208, 226; but see *People v. Mesa* (1975) 14 Cal.3d 466, 471 [where in a criminal sentence, the oral pronouncement of sentence constitutes the judgment].) Defendant has appealed only the restitution fine imposed under section 1202.4, subdivision (b); thus, our opinion regards only that fine.

329, review granted Nov. 26, 2019, S258946.)  The Supreme Court has concluded that the imposition of a fine as a sentence on an indigent defendant does not necessarily mean there is a violation of the equal protection clause because poverty alone does not shield indigent defendants from punishment.  (*In re Antazo* (1970) 3 Cal.3d 100, 116.)  The *Hicks* court extends that reasoning to the due process clause.  (See *Hicks*, at p. 327.)  Instead, we rely on *Kopp*, which states "there is no due process requirement that the court hold an ability to pay hearing before imposing a punitive fine and only impose the fine if it determines the defendant can afford to pay it."  (*People v. Kopp* (2019) 38 Cal.App.5th 47, 96-97 (*Kopp*), review granted Nov. 13, 2019, S257844.)  Rather, the fine should be challenged under the excessive fines clause of the Eighth Amendment because restitution fines are a form of punishment on a defendant.  (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1071.)

*Kopp* cites to *United States v. Bajakajian* (1998) 524 U.S. 321 (*Bajakajian*) as the seminal case on the Eighth Amendment's prohibition of excessive fines.  (*Kopp*, *supra*, 38 Cal.App.5th at p. 97, rev. granted.)  The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  A fine is excessive "if it is grossly disproportionate to the gravity of the offense that it is designed to punish."  (*Bajakajian*, at p. 324.)  One of the four factors[5] used to determine this proportionality is the defendant's ability to pay.  (*Kopp*, at p. 97.)  "[T]he trial court should not limit

_____

[5]    The four factors are:  (1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in matching statutes; and (4) the defendant's ability to pay.  (*Bajakajian*, *supra*, 524 U.S. at pp. 337-338.)  Ability to pay is the only factor we analyze because it is the only factor defense counsel used to object against the imposition of the restitution fine.

itself to considering only whether [defendants] have the ability to pay at the time of sentencing." (*Id.* at 96.)  It is the defendant's burden to prove he or she does not have the ability to pay. (*Ibid.*)  Moreover, the law does not compel the defendant to make the payment right away.  (See § 1202.4.)

Thus, the question is whether there is substantial evidence on the record to support the court's conclusion that the $300 restitution fine was not excessive as it pertains to defendant's ability to pay.  The court's determination of ability to pay must be supported by substantial evidence. (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398, disapproved of on another ground in *People v. Trujillo* (2015) 60 Cal.4th 850, 858, fn. 5.)  "[W]e review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence . . . ." (*People v. McCurdy* (2014) 59 Cal.4th 1063, 1104.)  Substantial evidence is defined as "evidence that is reasonable, credible, and of solid value." (*Ibid.*)

Here, defendant disputes the mandatory minimum amount of a $300 restitution fine but has not met his burden of proving he does not have the ability to pay.  At the ability to pay hearing the court determined that defendant will have the ability to pay once he is released from administrative segregation.  This conclusion is supported by the evidence in the record that shows that defendant is young with no evidence of any health issues that would prevent him from working once he is released from administrative segregation.  Even if defendant is correct that it will be impossible to find work once released from administrative segregation, he offers no explanation or evidence for why he could not work after he is released from prison. Defendant is not compelled to make the payment right now and the record shows that defendant will be released from prison in a short few years and can begin to pay back his debt then.  So, even if defendant does not have the

5

present ability to pay, that alone does not mean the restitution fine is excessive.

Defendant argues that by staying the fee and assessment the court acknowledged defendant's "limited earning capacity," and it should thus also stay the restitution fine or at least remand the case for another hearing to review defendant's ability to pay. While the court acknowledged defendant's limitations, it also believed defendant ultimately had the ability to pay, which is why the stay was for just one year.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.